UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN J. RATCLIFFE | : | |
| | : | |
| VS. | : | C.A. File No.: |
| | : | |
| BRP U.S. INC.; | : | Demand for Jury Trial |
| TIDD'S SPORT SHOP, INC.; and | : | |
| ABC CORPORATION | : | |

## COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Stephen J. Ratcliffe is a resident and citizen of Connecticut.

2.      Defendant BRP U.S., Inc. [hereinafter BRP U.S.] is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Wisconsin.  At all relevant times mentioned, defendant BRP U.S. was qualified to do business in the State of Maine, was in fact doing business in the State of Maine, and had sufficient minimum contacts with the State of Maine to subject it to the jurisdiction of this Court.

3.      Defendant Tidd's Sport Shop, Inc. [hereinafter Tidd's Sport] was at all relevant times a domestic corporation organized under the laws of Maine with its principal place of business at 154 Calais Road, Hodgdon, Maine.  According to the Maine Secretary of State's Bureau of Corporations, Elections and Commissions corporate database, as of July 2, 2020, Tidd's Sport may be a dissolved corporation.

4.    Defendant ABC Corporation is a domestic and/or foreign corporation which has sufficient minimum contacts with the State of Maine to subject it to the jurisdiction of this Court.

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because the parties are of diverse citizenship: the Plaintiff resides in Connecticut, Defendant BRP U.S. is incorporated in Delaware with its principal place of business in Wisconsin, and Defendant Tidd's Sport is incorporated and has its principal place of business in Maine.

## FACT and JURISDICTIONAL ALLEGATIONS

6.    Defendant BRP U.S. is a designer, manufacturer, marketer, distributor, and seller of motorized vehicles, including the Can-Am make of off-road vehicles.

7.    Defendant BRP U.S. designs, manufactures, distributes, markets, and sells its motorized vehicles, including the Can-Am make of off-road vehicles, with the intent to serve the State of Maine.

8.    Defendant BRP U.S. directly or indirectly serves the Maine marketplace by designing, manufacturing, marketing, distributing, and selling its products throughout the United States and by taking no action to limit sales of its products in Maine.

9.    Defendant Tidd's distributed, marketed, sold, and/or repaired motorized vehicles, including the Can-Am brand products manufactured by BRP U.S., in the State of Maine.

10.     On or about April 9, 2019, defendant BRP U.S. issued a certificate of origin for an off-road vehicle with a vehicle identification number of 3JBVGAY40KK002165. The invoice number was 8014829983.  This vehicle is hereafter referred to as the "Subject Vehicle."

11.     The certificate of origin lists the Subject Vehicle's make as a Can-Am and series or model number as 0009DKA00 SSV Mav Turbo W 19.

12.     The certificate of origin was issued to Tidd's Sport Shop, Inc., P.O. Box 1120, Hodgdon, Maine.

13.     On or about July 30, 2019, Tidd's Sport sold the Subject Vehicle to Plaintiff Stephen J. Ratcliffe in Hodgdon, Maine.

14.     Plaintiff Stephen J. Ratcliffe took possession of the Subject Vehicle the same day.

15.     On or about July 30, 2019, Plaintiff Stephen J. Ratcliffe was in Houlton, Maine, operating the Subject Vehicle, when the Subject Vehicle rolled onto its side.

16.     During the roll, Plaintiff Stephen J. Ratcliffe's left arm was crushed between the ground and the Subject Vehicle resulting in severe and permanent injuries, including the amputation of his left arm.

## COUNT I

## NEGLIGENCE – DEFENDANT BRP U.S., INC.

17.     All previous paragraphs are hereby incorporated by reference.

18.     At all relevant times, Defendant BRP U.S., by and through its agents, servants and employees, and affiliated companies was engaged in the business of

designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling motorized vehicles for consumer purchase and use.

19.     Defendant BRP U.S. owed a duty to purchasers and/or users of its vehicles to exercise reasonable care in designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling its products.

20.     Prior to July 30, 2019, Defendant BRP U.S. designed, manufactured, assembled, inspected, marketed, and/or distributed and placed into the stream of commerce the Subject Vehicle.

21.     Upon information and belief, Defendant BRP U.S. breached its duty to Plaintiff Stephen J. Ratcliffe by failing to exercise reasonable care in the design, manufacture, inspection, distribution, and/or sale of the Subject Vehicle.

22.     Defendant BRP U.S. breached the duty it owed to the Plaintiff Stephen J. Ratcliffe and was negligent by failing to warn Plaintiff of the risks and dangers that were known, or should have been known to this defendant, and that were reasonably foreseeable and inherent in the use of the Subject Vehicle.

23.     These breaches included, but were not limited to, manufacturing and selling the Subject Vehicle without proper driver and passenger door protective devices as original equipment.

24.     Upon information and belief, Tidd's Sport obtained the Subject Vehicle from BRP U.S. with the intent of selling the Subject Vehicle to end-user purchasers like Plaintiff Stephen J. Ratcliffe.

25. At all relevant times herein mentioned, Plaintiff Stephen J. Ratcliffe was operating the Subject Vehicle in Houlton, Maine in a reasonable, safe and careful manner.

26. As a direct and proximate result of the negligence of Defendant BRP U.S., Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer, lost wages and diminished earnings capacity, and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant BRP U.S., Inc. for compensatory damages plus interest and costs.

## COUNT II

### STRICT LIABILITY under 14 M.R.S. § 221 – DEFENDANT BRP U.S., INC.

27. All previous paragraphs are hereby incorporated by reference.

28. At all relevant times, Defendant BRP U.S., by and through its agents, servants and employees, was engaged in the business of designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling motorized vehicles for consumer purchase and use.

29.     Defendant BRP U.S. owed a duty to purchasers and/or users of its vehicles to exercise reasonable care in designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling its products.

30.     Prior to July 30, 2019, Defendant BRP U.S. designed, manufactured, assembled, inspected, marketed, distributed and/or placed into the stream of commerce the Subject Vehicle that, upon information and belief, was a 2019 model Can-Am Maverick X3 Turbo.

31.     The Subject Vehicle was intended for off-road use.

32.     The Subject Vehicle was designed, manufactured, inspected, distributed, and/or sold and placed into the stream of commerce by Defendant BRP U.S. in a defective and unreasonably dangerous condition.

33.     The Subject Vehicle was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant BRP U.S., and its condition was not significantly changed prior to the crash on July 30, 2019.

34.     Plaintiff Stephen J. Ratcliffe had no knowledge, or reason to know, of the defective condition of the Subject Vehicle.

35.     At all relevant times, the Subject Vehicle was used in the manner and for the purpose intended.

36.     Due to the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe's left arm was crushed between the ground and the Subject Vehicle resulting in severe and permanent injuries, including but not limited to the amputation of his left arm.

37.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, the Subject Vehicle was not crashworthy.

38.     Due to the defective and unreasonably dangerous condition of the Subject Vehicle and resulting injuries to Stephen J. Ratcliffe, Defendant BRP U.S. is strictly liable to the Plaintiff for damages.

39.     Defendant BRP U.S. failed to warn purchasers and/or users of its product, including Plaintiff Stephen J. Ratcliffe, of the unreasonably dangerous and defective condition of the Subject Vehicle.  Due to its failure to warn, Defendant BRP U.S. is strictly liable to the Plaintiff for damages.

40.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer, lost wages and diminished earnings capacity, and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant BRP U.S., Inc. for compensatory damages plus interest and costs.

## COUNT III

## NEGLIGENCE – TIDD'S SPORT SHOP, INC.

41.     All previous paragraphs are hereby incorporated by reference.

42.     At all relevant times, Defendant Tidd's Sport Shop, Inc., by and through its agents, servants and employees, was engaged in the business of marketing, distributing and/or selling motorized vehicles for consumer purchase and use.

43.     Defendant Tidd's Sport owed a duty to purchasers and/or users of its vehicles to exercise reasonable care in marketing, distributing and/or selling its products.

44.     Defendant Tidd's Sport breached the duty it owed to the Plaintiff Stephen J. Ratcliffe and was negligent in the marketing, distributing and selling of the Subject Vehicle.

45.     These breaches included, but were not limited to, selling the Subject Vehicle without proper driver and passenger door protective devices.

46.     Defendant Tidd's Sport further breached the duty it owed to the Plaintiff Stephen J. Ratcliffe and was negligent by failing to warn Plaintiff of the risks and dangers that were known, or should have been known to this defendant, and that were reasonably foreseeable and inherent in the use of the Subject Vehicle.

47.     As a direct and proximate result of the negligence of Defendant Tidd's Sport, Plaintiff's arm was crushed between the ground and the Subject Vehicle resulting in severe and permanent injuries, including but not limited to, the amputation of his left arm.

48.     As a direct and proximate result of the negligence of Defendant Tidd's Sport, Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and

will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer, lost wages and diminished earnings capacity, and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant Tidd's Sport Shop, Inc. for compensatory damages plus interest and costs.

## COUNT IV

## STRICT LIABILITY under 14 M.R.S. § 221

## DEFENDANT TIDD'S SPORT SHOP, INC.

49.     All previous counts are hereby incorporated by reference herein.

50.     At all relevant times, Defendant Tidd's Sport, by and through its agents, servants and employees, was engaged in the business of marketing, distributing and selling motorized vehicles for consumer purchase and use.

51.     The Subject Vehicle was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant Tidd's Sport, and its condition was not significantly changed until the crash on July 30, 2019.

52.     Plaintiff Stephen J. Ratcliffe had no knowledge, or reason to know, of the defective condition of the Subject Vehicle.

53.     At all relevant times, the Subject Vehicle was used in the manner and for the purpose intended.

54.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, the Subject Vehicle was not crashworthy.

55.    Due to the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe's left arm was crushed between the ground and the Subject Vehicle resulting in severe and permanent injuries, including but not limited to the amputation of his left arm.

56.    Due to the defective and unreasonably dangerous condition of the Subject Vehicle and resulting injuries to Stephen J. Ratcliffe, Defendant Tidd's Sport is strictly liable to the Plaintiff for damages.

57.    As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer, lost wages and diminished earnings capacity and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant Tidd's Sport Shop, Inc. for compensatory damages plus interest and costs.

## COUNT V

## NEGLIGENCE – ABC CORPORATION

58.     All previous paragraphs are hereby incorporated by reference.

59.     At all relevant times, Defendant ABC Corporation by and through its agents, servants and employees, affiliated companies was engaged in the business of designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling motorized vehicles for consumer purchase and use.

60.     Defendant ABC Corporation owed a duty to purchasers and/or users of its vehicles to exercise reasonable care in designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling its products.

61.     Prior to July 30, 2019, Defendant ABC Corporation designed, manufactured, assembled, inspected, marketed, distributed and placed into the stream of commerce the Subject Vehicle.

62.     Upon information and belief, Defendant ABC Corporation breached its duty to Plaintiff Stephen J. Ratcliffe by failing to exercise reasonable care in the design, manufacture, inspection, distribution, and sale of the Subject Vehicle.

63.     These breaches included, but were not limited to, manufacturing and selling the Subject Vehicle without proper driver and passenger door protective devices as original equipment.

64.     Upon information and belief, Tidd's Sport Shop obtained the Subject Vehicle from ABC Corporation with the intent of selling the Subject Vehicle to end-user purchasers like Plaintiff Stephen J. Ratcliffe.

65.     Defendant ABC Corporation breached the duty it owed to the Plaintiff Stephen J. Ratcliffe and was negligent in its manufacture, assembly, inspection,

marketing, distribution and/or sale of the Subject Vehicle, and its negligence caused Plaintiff's arm to be crushed between the ground and the Subject Vehicle resulting in severe and permanent injuries, including but not limited to the amputation of his left arm.

66.     Defendant ABC Corporation breached the duty it owed to the Plaintiff Stephen J. Ratcliffe and was negligent by failing to warn Plaintiff of the risks and dangers that were known, or should have been known to this defendant, and that were reasonably foreseeable and inherent in the use of the Subject Vehicle.

67.     As a direct and proximate result of the negligence of Defendant ABC Corporation, Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer lost wages and diminished earnings capacity, and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant ABC Corporation for compensatory damages plus interest and costs.

## COUNT VI

## STRICT LIABILITY under 14 M.R.S. § 221 - DEFENDANT ABC CORPORATION

68.     All previous paragraphs are hereby incorporated by reference herein.

69.     At all relevant times, Defendant ABC Corporation, by and through its agents, servants and employees, was engaged in the business of designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling motorized vehicles for consumer purchase and use.

70.     Defendant ABC Corporation owed a duty to purchasers and/or users of its vehicles to exercise reasonable care in designing, manufacturing, assembling, inspecting, marketing, distributing and/or selling its products.

71.     Prior to July 30, 2019, Defendant ABC Corporation manufactured, assembled, inspected, marketed, distributed and placed into the stream of commerce the Subject Vehicle that, upon information and belief, was a 2019 model Can-Am Maverick X3 Turbo.

72.     The Subject Vehicle was intended to be used by consumers for off-road use.

73.     The Subject Vehicle was designed, manufactured, inspected, distributed, sold and/or placed into the stream of commerce by Defendant ABC Corporation in a defective and unreasonably dangerous condition.

74.     The Subject Vehicle was in a defective and unreasonably dangerous condition at the time it left the facilities and control of Defendant ABC Corporation, and its condition was not significantly changed until the crash on July 30, 2019.

75.     Plaintiff Stephen J. Ratcliffe had no knowledge, or reason to know, of the defective condition of the Subject Vehicle.

76.     At all relevant times, the Subject Vehicle was used in the manner and for the purpose intended.

77.     Due to the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe's left arm was crushed between the ground and the Subject Vehicle resulting severe and permanent injuries, including but not limited to the amputation of his left arm.

78.     Due to the defective and unreasonably dangerous condition of the Subject Vehicle, resulting injuries to Stephen J. Ratcliffe, Defendant ABC Corporation is strictly liable to the Plaintiff for damages.

79.     Defendant ABC Corporation failed to warn purchasers and/or users of its product, including Plaintiff Stephen J. Ratcliffe, of the unreasonably dangerous and defective condition of the Subject Vehicle.  Due to its failure to warn, Defendant ABC Corporation is strictly liable to the Plaintiff for damages.

80.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, Plaintiff Stephen J. Ratcliffe was severely and permanently injured, has suffered, and in the future will continue to suffer, a loss of enjoyment of life, has been unable, and will continue to be unable, to perform his usual daily activities, has suffered, and will in the future suffer, great pain of body, nerves, and nervous system, has suffered, and will in the future suffer, lost wages and diminished earnings capacity, and has expended, and will in the future become liable to pay, large sums of money for prosthetic devices, medical and hospital attention, and Plaintiff Stephen J. Ratcliffe otherwise was and is permanently injured.

WHEREFORE, Plaintiff Stephen J. Ratcliffe demands judgment against Defendant ABC Corporation for compensatory damages plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff Stephen J. Ratcliffe hereby demands a trial by jury and designates Mark

B. Decof, Esq. and Jeffrey A. Mega, Esq. as trial counsel.

Plaintiff,
STEPHEN J. RATCLIFFE

By his Attorneys,

Gilbert & Greif, P.A.
82 Columbia Street
P.O. Box 2339
Bangor, ME  04402-2339
Telephone:  (207) 947-2223
Facsimile:  (207) 941-9871
Email:  empb@yourlawpartner.com

/s/Erik M.P. Black, Esq.
Erik M.P. Black, Esq.              Bar No. 4733

Decof, Barry, Mega & Quinn, P.C.
One Smith Hill
Providence, RI  02903
Telephone: (401) 272-1110
Facsimile:  (401) 351-6641
Emails:     mbd@decof.com;     jam@decof.com;
dec@decof.com

/s/Mark B. Decof, Esq.
Mark B. Decof, Esq.              R.I. Bar No. 2357
*Pro hac vice admission pending*

/s/Jeffrey A. Mega, Esq.
Jeffrey A. Mega, Esq.              R.I. Bar No. 6441
                        Massachusetts BBO #650993
*Pro hac vice admission pending*

/s/Douglas E. Chabot, Esq.
Douglas E. Chabot, Esq.              R.I. Bar No. 8199
                        Massachusetts BBO #675501
*Pro hac vice admission pending*

Dated:  July 2, 2020
Ratcliffe P001