UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE,                )   | |
|                                                       ) | |
|            *Plaintiff*                              ) | |
| v.                                                   )  | No. 1:20-cv-00234-GZS |
|                                                       ) | |
| *BRP US, INC., et al.,*                     ) | |
|                                                       ) | |
|            *Defendants*                       ) | |

*MEMORANDUM DECISION AND ORDER*
*RE: DISCOVERY DISPUTE*

Following a March 24, 2021, telephonic hearing on the parties' discovery dispute in this products liability action, at my direction the parties have submitted simultaneous briefs addressing whether the plaintiff is entitled to discovery about models of side-by-side vehicles manufactured by defendant BRP US, Inc., ("BRP"), other than the specific model at issue. Treating the instant discovery dispute as a motion to compel compliance with a number of the plaintiff's requests for production of documents, I grant the motion in part, and deny the motion in part, and find that the plaintiff is entitled to information about the other models, but only to the extent that such information is relevant to his theory of the case.

### I.  Applicable Law

Federal Rule of Civil Procedure 34(a) grants a party the right to request that another party "produce. . . any designated documents or electronically stored information[.]" Such requests, however, must be "within the scope of [Federal Rule of Civil Procedure] 26(b)[.]" Fed R. Civ. P. 34(a). Rule 26 allows parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

1

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Although courts encourage the free flow of information between litigants by liberally interpreting the discovery provisions of the Federal Rules of Civil Procedure, there are limits. *See Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Rule 26 requires courts to limit the extent of otherwise discoverable information if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Consistent with these principles, courts typically permit discovery relating to similar, if not identical, product models. *See Electric Ins. Co. v. BrassCraft Mfg. Co.*, Civil No. 10-CV-435-PB, 2012 WL 1565362, at *2 (D.N.H. May 2, 2012). As Judge McCafferty has explained,

> Courts generally undertake a fact specific determination of the extent of the similarities and dissimilarities of claimed similar vehicle models to determine if discovery of a model other than that involved in an accident in litigation should be allowed under [Federal Rule of Civil Procedure] 26. Different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation. The models must share pertinent characteristics as they relate to the accident at issue. What is required is a specific factual showing of substantial similarity. Conclusory statements of alleged similarity are not enough.

*Id.* (alterations, citations, and internal quotation marks omitted).

## II. Background

The plaintiff alleges that in July 2019 he was driving a Can-Am side-by-side vehicle manufactured by BRP when it rolled over onto its side. *See* Complaint (ECF No. 1) at 2-3. During the rollover, the plaintiff alleges that his left arm was crushed between the vehicle's roll cage and the ground, resulting in the amputation of his left arm. *See id.* In a complaint filed in July 2020, the plaintiff brought claims for negligence and statutory strict liability, *see* 14 M.R.S.A. § 221 (Westlaw through Ch. 31 of the 2021 1st Reg. Sess.), against BRP and the retailer of the vehicle, Tidd's Sports Shop, Inc.[1] *See id.* at 1-10.

In his request for production of documents served on BRP in October 2020, the plaintiff sought information about the model he was driving during the rollover and other similar models, which he defined as "two-seat and/or four-seat side-by-side off-road vehicles designed, manufactured and/or distributed by BRP" and/or its various subsidiaries. *See* Plaintiff's First Request for Production of Documents to Defendant BRP U.S. Inc. ("Request for Production") (ECF No. 27-1), attached to [Plaintiff's] Request for Hearing Regarding Discovery Dispute ("Discovery Hearing Request") (ECF No. 27). BRP objected to the requests, but eventually supplemented its responses in February 2021 to provide responsive materials relating to the specific model involved in the accident, the Maverick X3. *See* Defendant BRP U.S. Inc.'s First Supplemental Response to Plaintiff's Request for Production of Documents ("Response to Request for Production") (ECF No. 27-3), attached to Request. In March 2021, the plaintiff filed a request for a discovery hearing, seeking the court to compel BRP to produce the same information about its other similar vehicles. *See* Discovery Hearing Request at 1. In particular, the plaintiff

---

[1] The plaintiff also brought the same claims against an unknown corporate entity it called "ABC Corporation[,]" Complaint at 2, 10-14, but those claims were dismissed, *see* Order Vacating Order to Show Cause (ECF No. 21).

highlighted BRP's objections to providing information about the other models in response to the following requests:

> **REQUEST NO. 13**: Produce copies of any research, development, engineering, investigation and/or testing created by and/or relied upon by [BRP] regarding the potential for any side-by-side vehicle to rollover.
>
> **REQUEST NO. 14**: Produce copies of any research, development, engineering, investigation and/or testing created by and/or relied upon by [BRP] regarding the crashworthiness of any side-by-side vehicle.
>
> . . .
>
> **REQUEST NO. 16**: Produce copies of any research, development, engineering, investigation and/or testing created by and/or relied upon by [BRP] related to the use of window nets in the Subject Vehicle and Similar Vehicles.
>
> **REQUEST NO. 17**: Produce copies of any research, development, engineering, investigation and/or testing created by and/or relied upon by [BRP] related to the use of any passenger restraint designed to keep occupants' bodies in the vehicle in the event of a crash and/or rollover in the Subject Vehicle and Similar Vehicles.
>
> **REQUEST NO. 18**: Produce copies of any research, development, engineering, investigation and/or testing created by and/or relied upon by [BRP] related to the use of a door or half-door designed to keep occupants' bodies in the vehicle in the event of a crash and/or rollover in the Subject Vehicle and Similar Vehicles.
>
> **REQUEST NO. 19**: Any internal memos, meeting notes, reports, or studies relating to rollovers in off-road vehicles.
>
> . . .
>
> **REQUEST NO. 28**: Produce copies of any research, investigation, design, and/or testing created by and/or relied upon by [BRP] related to injuries caused in whole or in part from an occupants' body parts, including but not limited to limbs, moving outside of a side-by-side vehicle[] including, but not limited to, the Subject Vehicle and Similar Vehicles.
>
> **REQUEST NO. 29**: Produce copies of any research, investigation, design, and/or testing created by and/or relied upon by [BRP] related to the use of operator restraints, including seatbelts and hand/wrist restraints, in side-by-side vehicles including, but not limited to, the Subject Vehicle and Similar Vehicles.

Response to Request for Production at 1-4; *see also* Request for Production.

Pertinent to those requests, it was revealed at the hearing that, in addition to the Maverick X3, BRP manufactures the following side-by-side vehicle models: the Commander, the Defender, the Maverick Sport, and the Maverick Trail. The plaintiff acknowledged the differences between these models – including that each comes in a two- or four-seat configuration – but emphasized that his theory of the case was that the subject vehicle suffered from a design defect in that its open-air roll cage served as a pinch point for an occupants' unrestrained limbs during a rollover and that the other models all shared similar open-air roll cage designs. BRP, on the other hand, indicated that each of its models is developed independently and that comparing them would be like comparing apples to oranges. Given that the dispute turned on a fact-specific determination, I requested expedited briefing from the parties on the similarities and/or dissimilarities between the model at issue and the other models. *See* Order re Request for a Hearing Regarding a Discovery Dispute (ECF No. 32).

### III. Discussion

#### A. Relevance of Other Models

In his brief, the plaintiff contends that his "injuries were caused by a common, defining feature of the Commander, Defender, Maverick X3, ECF No. 38) at 6-7 & n.5. He points out that the operator guide that was included with his Maverick X3 provides a link to a safety video produced by BRP for its side-by-side vehicles without any distinction between models. *See id.* at 8-10 & nn. 7-8; Exhibit 7 to Plaintiff's Brief (ECF No. 38-7) at 4. In this video, BRP states the following:

- "The Can-Am side-by-side is a different type of off-road vehicle. Its configuration makes it much different from an all-terrain vehicle." Can-Am Off-Road, *Can-Am SSV Safety Video*, YouTube (May 16, 2013), https://www.youtube.com/watch?v=k3eGdcmPgAI&t=7s, at 2:05.

5

- "This vehicle handles differently from other vehicles.  A rollover or tip-over can occur quickly during abrupt maneuvers such as sharp turns or simply by side-hilling or riding across steep hills or over obstacles, so don't assume that the vehicle will not tip or roll over." *Id.* at 2:20.

- "The operator must keep his arms, legs, and head inside the cockpit at all times, by fastening the seatbelt and lateral net, by holding the steering wheel firmly, and by placing his left foot on the foot-rest." *Id.* at 5:43.

- "If the vehicle rolls over, any part of your body outside the cockpit can be crushed by the cage or other parts of the vehicle.   Never try to stop a rollover by using your arm or leg." *Id.* at 6:10.

- "If you think or feel that the vehicle may tip or roll, keep both hands on the steering wheel or hand grips and brace yourself." *Id.* at 6:28.

Based on the generalized safety video and similar open roll cage designs of the other models, the plaintiff contends he "should be allowed broad discovery relating to similar product lines and incidents."  Plaintiff's Brief at 8.

In contrast, BRP contends that the "the design, development, and function of the Maverick X3 is – by design – so dissimilar from that of the other models that no meaningful comparison can be made."  Defendant BRP US, Inc.'s Discovery Dispute Position Statement ("BRP's Brief") (ECF No. 37) at 6.  It points out that "[e]ach model has its own, independent development process, design, testing, validation plan, certification, components, specifications, characteristics, market segment, and brand identity" and, as such, "[l]ooking at the performance, quality, and safety features of a particular model would not be relevant to understand the same features of another model, as they do not share pertinent characteristics." *Id.* at 4 (citation and internal quotation marks omitted).  BRP also emphasizes that, as compared to the other models, the Maverick X3 has an upgraded engine with much more horsepower and torque as well as a different occupant retention system to comply with industry standards because of its lower center of gravity.  *See id.* at 5-6.

6

Although BRP is correct that the Maverick X3 has many distinguishing features from its other models of side-by-side vehicles, its use of a safety video that does not distinguish between models undermines its argument that the dissimilarities are such that no reasonable comparison can be made. As the plaintiff points out, BRP highlights in the safety video that the roll cages on its side-by-side vehicles can crush limbs or other body parts if they are outside of the cockpit during a rollover and provides generally applicable instructions on how to avoid such injuries. This is, essentially, an acknowledgement that its side-by-side vehicles all present a comparable risk based on their similar open roll cage designs. Accordingly, where the plaintiff has made a specific factual showing that the other models – whether in two- or four-seat configurations – share the same alleged accident-causing characteristic as the model at issue in this case, he is entitled to information about them. *See Electric Ins. Co.*, 2012 WL 1565362, at *2.

Nevertheless, I agree with BRP that some of the plaintiff's document requests seek information about the other models that is not relevant to his theory of the case as he describes it. *See* BRP's Brief at 6-7. As such, I sustain BRP's objections to Document Request Nos. 13 and 14 insofar as they seek information about the other models' "potential" for rollover and "crashworthiness[,]" Response to Request for Production at 1-2, because the plaintiff has not demonstrated how this information would be relevant to his specific allegations that BRP failed to adequately protect his or other occupants' limbs during a rollover. Similarly, I also find Document Request No. 19, seeking "[a]ny internal memos, meeting notes, reports, or studies relating to rollovers" in the other models, *id.* at 3, overly broad; I therefore limit that request to documents relating to protecting occupants' limbs during rollovers and/or investigating injuries arising in such contexts.

7

### B. Burden to BRP

BRP also contends that the plaintiff's requests for information about its other models are unduly burdensome and not proportional to the needs of the case. *See* BRP's Brief at 7-8. It asks that, if this court finds in the plaintiff's favor on the question of relevance, that any production of documents be limited to the model year 2019, which was the model year of the Maverick X3 at issue in this case. *See id.* Otherwise, it avers that it will have to produce documents in the range of 55,000 pages dating back as far as ten years, which it contends would be highly burdensome and costly. *See id.*

In his brief, the plaintiff limits his requests for documents about the other models to the model years 2015 through 2020.[2] *See* Plaintiff's Brief at 2, 10. He also asks for BRP to be compelled to provide documents about the Maverick X3 for model years 2015 and 2016 because it only provided documents for the model years 2017 through 2020. *See id.* I find the temporal scope of these requests to be reasonable. These shorter time spans, 2015 through 2020 and not as far back as ten years, along with my previously-explained elimination and/or limitation of some of the plaintiff's requests as they pertain to the other models, will substantially reduce the number of documents that BRP is obligated to produce and correspondingly lessen its burden and expense. In such circumstances, considering the relevance of the information sought by the plaintiff to his claims, I find that the benefit to him outweighs the burden to BRP. *See* Fed. R. Civ. P. 26(b)(1).

### IV. Conclusion

For the foregoing reasons, the Motion is ***GRANTED*** in part and ***DENIED*** in part. BRP is hereby ***ORDERED*** to promptly and adequately respond to Document Request Nos. 16, 17, 18,

---

[2] The plaintiff mentioned at the discovery hearing that he had discussed such a timeframe with BRP before asking the court to intervene.

19 (limited to documents relating to protecting occupants' limbs during rollovers and/or investigating injuries arising in such contexts), 28, and 29 regarding its other models of side-by-side vehicles, whether in two- or four-seat configurations, for the model years 2015 through 2020.  BRP is further **_ORDERED_** to promptly and adequately supplement its document productions regarding the Maverick X3 to include documents relating to model years 2015 and 2016.  BRP's objections to providing documents relating to its other models in response to Document Request Nos. 13 and 14, however, are **_SUSTAINED_**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 4th day of May, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge