UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN J. RATCLIFFE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 1:20-cv-00234-GZS |
| | ) | |
| BRP US, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## *MEMORANDUM DECISION AND ORDER RE: DISCOVERY DISPUTE*

This matter is before me on the plaintiff's request for a hearing regarding a discovery dispute.  *See* ECF No. 55.  The request pertains to my prior order compelling defendant BRP US, Inc., to produce certain documents related to the use of front window nets in various models of its side-by-side vehicles.  *See* ECF No. 54.  The plaintiff asserts that BRP has produced only 76 pages of materials related to such nets, which he contends is a "facially inadequate production" and demonstrates "that BRP has not engaged in discovery in good faith."  ECF No. 55.  He seeks an extension of the remaining pretrial deadlines and an order requiring BRP to supplement its production "and/or provide affidavits as to why it has only 76 responsive pages, covering a 5-year period, for [window nets] it has tested and sold for . . . several years."  *Id.*

Although I understand the plaintiff's concerns, I am not prepared to order BRP to supplement and/or explain its production based merely on the relatively small number of pages it has produced.  BRP, of course, remains subject to the strictures of my earlier order specifically, and the federal discovery rules generally.  But, on this record, I have not been supplied with a foundation sufficient to find that BRP has failed to comply with its discovery obligations.

1

Rather, the plaintiff should explore the adequacy of BRP's production either at a Rule 30(b)(6) corporate deposition or pursuant to some other discovery vehicle, and if he learns of information suggesting that BRP has not made a good faith effort to comply with my order regarding the production of documents relating to front window nets, the plaintiff may then renew his request for the court's assistance, including the imposition of sanctions if justified.[1]  *See Crispin-Taveras v. Mun. of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) ("Federal Rule of Civil Procedure 37(b) gives the district court a veritable arsenal of sanctions for failure to comply with discovery orders, including designating facts as established, striking pleadings, or rendering a default judgment." (citation and internal quotation marks omitted)).

Accordingly, on this record, I conclude that a discovery hearing is not necessary and hereby **CANCEL** the hearing currently scheduled for January 14, 2022, at 11:00 a.m.

If the plaintiff still seeks an extension of the remaining pretrial deadlines, he may file a motion with his proposed dates.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 12th day of January, 2022.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] For example, at BRP's Rule 30(b)(6) deposition, the plaintiff may explore his concerns that BRP has not "produced documentation of the testing referenced in" the documents it has produced.  ECF No. 55.