UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00234-JAW |
| | ) |
| BRP U.S., INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO STRIKE**

The plaintiff in a products liability lawsuit moves to strike three of the defendant's motions in limine as untimely *Daubert/Kumho* motions. Despite concluding that a defendant knowingly violated the court-imposed deadlines for the filing of motions for a *Daubert/Kumho* hearing, the court will consider the late-filed motions on their merits and declines to strike them.

**I.    BACKGROUND**

With trial looming, BRP U.S., Inc. (BRP) filed, *inter alia*, three motions in limine on October 4, 2024, seeking to exclude all three of Plaintiff's expert witnesses from testifying on the common ground that each of them proposes to offer improper expert opinions under Rule 702 of the Federal Rules of Evidence. *Def. BRP's Mot.* in Lim. *No. 1 and Supporting Br. to Exclude the Ops. of Stephen Batzer* (ECF No. 168); *Def. BRP's Mot.* in Lim. *No. 2 and Supporting Br. to Exclude the Ops. of Robert J. Nobilini* (ECF No. 169); *Def. BRP's Mot.* in Lim. *No. 3 and Supporting Br. to Exclude the Ops. of David Lenorovitz* (ECF No. 170) (collectively, *Def.'s Mots.*). On October 7, 2024, Stephen J. Ratcliffe moved to strike the motions as untimely *Daubert* motions.

*Pl.'s Mot. to Strike Def. BRP U.S. Inc.'s Mots. in Lim. Nos. 1, 2 and 3 as Untimely Daubert Mots., Filed Over One Yr. After the Ct.'s Filing Deadline for* Daubert/Kumho *Mots.* (ECF No. 188) (*Pl.'s Mot. to Strike*). On October 21, 2024, BRP opposed the Plaintiff's motion to strike. *Def. BRP's Resp. in Opp'n to Mot. to Strike Mots. in Lim. Nos. 1, 2, and 3 as Untimely* Daubert *Mots.* (ECF No. 221) (*Def.'s Opp'n*).

## II. THE POSITIONS OF THE PARTIES

### A. Stephen J. Ratcliffe's Motion to Strike

Noting the procedural history of this case, Mr. Ratcliffe argues that BRP's motions in limine are in fact *Daubert*[1]/*Kumho*[2] motions and, as such, should have been brought in accordance with prior orders of the Court, not as motions in limine at this late stage of the proceeding. *Pl.'s Mot. to Strike* at 1-9. Mr. Ratcliffe details the Court's sequential orders, beginning September 2020, setting deadlines for the filing of *Daubert/Kumho* motions and says that BRP's late-filed *Daubert/Kumho* motions are "an untimely eve-of-trial ambush." *Id.* at 1. Mr. Ratcliffe cites *Feliciano-Hill v. Principi*, 439 F.3d 18 (1st Cir. 2006), for the proposition that parties have an obligation to object to expert testimony in a timely fashion so that the objection can be "evaluated with care." *Id.* at 4 (quoting *Feliciano-Hill*, 439 F.3d at 24). The Plaintiff also cites *Rybas v. Riverview Hotel Corporation*, in which a federal court rejected a movant's attempt to exclude expert witness testimony through motions in limine, ruling the challenges constituted untimely *Daubert* challenges. *Id.* at 5-7

---

[1]   *See Daubert v. Merrell Down Pharms.*, 509 U.S. 579 (1993).
[2]   *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

(citing *Rybas v. Riverview Hotel Corp.*, Civil Action No. ELH-12-3103, 2015 U.S. Dist. LEXIS 176294 (D. Md. Jan. 15, 2015)).

Mr. Ratcliffe notes that BRP does not seek merely to streamline the evidence, but to entirely exclude the testimony of all three of his liability experts, thereby unfairly diverting Plaintiff's counsel to respond to motions in the run-up to trial that should have been made much earlier. *Id.* at 7-8. Mr. Ratcliffe warns of the prejudicial effect of bringing these motions at such a late stage, explaining that, if granted, "plaintiff's trial preparation to date will need to be scrapped and his preparation must be begun anew, just weeks before trial," and arguing that the Court's most recent scheduling order requiring *Daubert/Kumho* motions be filed by April 10, 2023 "was intended to prevent such unfairness." *Id.* at 8.

B.     **BRP's Response in Opposition**

On October 21, 2024, BRP opposed the Plaintiff's motion to strike. *Def.'s Opp'n* at 1-8. BRP concedes that any anticipated expert challenges were omitted from its Pre-Filing Conference Memorandum, *Jt. Local Rule 56(h) Pre-Filing Conf. Mem.* (ECF No. 97) (*Jt. Pre-filing Conf. Mem.*), despite being instructed to include any of the same by the Court's April 10, 2023 Procedural Order, *Procedural Order* (ECF No. 96); nonetheless, BRP argues this oversight should not bar its current filings for two reasons: "(i) there was no formal deadline for Rule 702 motions ever set by the Court; and (ii) Rule 702 mandates that expert testimony be considered pre-trial." *Def.'s Opp'n* at 1. (internal footnote omitted). BRP further asserts that it "alert[ed] the

3

Court and Plaintiff of its intent to challenge these experts during the summary judgment stage." *Id*. at 2.

Beginning with the Plaintiff's argument that BRP's challenge to its expert witnesses is untimely, BRP disputes Mr. Ratcliffe's interpretation of the April 2023 Procedural Order. The Defendant argues that, while the order directed the moving party to include "any anticipated '*Daubert/Kumho* motions' and a brief explanation of those issues," the Procedural Order did not set any deadlines for Rule 702 motions and expressly provided that "[n]o pre-conference memoranda filed pursuant to this Order shall be deemed binding on the parties." *Id*. at 3 (quoting *Procedural Order* at 3). BRP directs the Court to numerous decisions from federal courts outside of the First Circuit in which courts have permitted motions in limine challenging proposed expert witness testimony. *Id*. at 4. BRP insists that the Court should find its motions to exclude the Plaintiff's expert witnesses timely "[b]ecause there was no specific deadline for expert motions, and because 702 motions are motions *in limine*." *Id*.

BRP also rejects the Plaintiff's argument that its motions constitute an "ambush," insisting that "on at least three separate occasions, BRP put the Court and Plaintiff on notice of its intent to challenge Plaintiff's experts." *Id*. Specifically, BRP first directs the Court to a footnote in its motion for summary judgment, filed on May 26, 2023, in which it stated:

> BRP expressly reserves all defenses, as well as its right to challenge the admissibility of any evidence cited in connection with BRP's Rule 56 motion. BRP will present any Rule 702 challenges to Plaintiff's experts' opinions in accordance with deadlines to be established by the Court.

4

*Id.* at 4-5 (quoting *Def. BRP's Mot. for Summ. J.* at 3 n.1 (ECF No. 123) (*BRP's Mot. for Summ. J.*).  Second, BRP directs the Court to an exchange between its counsel and the Court during oral argument on BRP's summary judgment motion, which took place on April 30, 2024.  *Id.* at 5 (quoting *Notice of Filing of Off. Tr.* at 11:25-12:10 (ECF No. 142) (*Mot. Tr.*) (the Court stating "so if you want to make a *Daubert* motion, you're certainly welcome to do that")).  Finally, BRP notes that it expressly disclosed its intent to file these motions in its Final Pretrial Memorandum.  *Id.* at 5-6 (quoting *Final Pretrial Mem. of BRP US Inc.* at 7 (ECF No. 155) (*BRP Pre-Trial Mem.*) ("BRP anticipates raising the following evidentiary issue via pretrial motions in limine: 1. Whether the opinion testimony of Plaintiff's liability experts—Stephen Batzer, Robert Nobilini, and David Lenorovitz—is admissible under Rule 702, as recently amended")).

BRP argues that, despite notifying the Plaintiff of its intent to challenge his experts, the Plaintiff did not object or otherwise raise any opposition.  *Id.* at 6. Further, BRP distinguishes the caselaw cited by the Plaintiff from the present case, averring the movants in those cases raised their objections to expert's qualifications for the first time at trial or flouted clearly established deadlines for motions to exclude experts.  *Id.* at 6-7 (citing *Feliciano-Hill*, 439 F.3d at 23; *Rybas* 2015 U.S. Dist. LEXIS 176294).  Finally, BRP insists that ruling on the motions in limine will not require extensive briefing, but notes that it "welcomes" the opportunity for further briefing or an evidentiary hearing on the motions pursuant to Rule 702 should the Court deem either one necessary.  *Id.* at 7-8.

BRP concludes that, pursuant to Rule 702 of the Federal Rules of Evidence, a court must determine "it is more likely than not" the proposed expert meets the rule's admissibility requirements before admitting an expert opinion over objection. *Id.*

## III.   THE PROCEDURAL HISTORY

On September 22, 2020, the Magistrate Judge issued the first scheduling order in this case. *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No. 18) (*Scheduling Order*). The order contained deadlines for the designation of experts under Federal Rule of Civil Procedure 26(a)(2)(A) and imposed a discovery deadline. *Id.* at 2. The order also established a deadline for the filing of all *Daubert* and *Kumho* motions:

> <u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses with Supporting Memoranda</u>: **March 2, 2021**.

*Id.* at 3 (emphasis in original). On November 18, 2020, the Magistrate Judge extended the *Daubert/Kumho* deadline to June 1, 2021, *Order* (ECF No. 24), and again on February 18, 2021 to August 30, 2021. *Order* (ECF No. 26). On May 19, 2021, the Magistrate Judge further extended the *Daubert/Kumho* deadline to November 30, 2021, *Order* (ECF No. 41); on July 21, 2021, the deadline was again extended to April 29, 2022. *Order* (ECF No. 45). On January 20, 2022, the Magistrate Judge further extended the *Daubert/Kumho* deadline to July 29, 2022, *Order* (ECF No. 61), and on March 17, 2022, District Judge George Singal granted a joint motion to extend the *Daubert/Kumho* deadline to October 15, 2022 with an accompanying warning that he would not grant another motion to extend the discovery deadline.

6

*Order* (ECF No. 64). On June 24, 2022, the Magistrate Judge denied yet another request to extend the deadlines, including the *Daubert/Kumho* deadline. *See Order on Mot. to Extend Scheduling Order* (ECF No. 66). On July 11, 2022, the Magistrate Judge granted in part and denied in part a motion for reconsideration of the motion to amend scheduling order. *Order* (ECF No. 70). After a series of motions relating to the deadlines of the scheduling order, on September 28, 2022, the Magistrate Judge relented and extended the *Daubert/Kumho* deadline to November 28, 2022. *Order* (ECF No. 80).

On October 21, 2022, the Magistrate Judge stayed any pending deadlines to allow the parties to engage in a judicial settlement conference. *Order* (ECF No. 87). After the parties' efforts failed to produce a settlement, on February 15, 2023, the Magistrate Judge set April 17, 2023 as the deadline for motions. *Order* (ECF No. 94) (*Feb. 15, 2023 Order*). On April 3, 2024, BRP filed its notice of intent to file a summary judgment motion, *Def. BRP US Inc.'s Notice of Intent to File Mot. for Summ. J.* (ECF No. 95), but BRP did not mention in its notice that it intended to file any *Daubert/Kumho* motions. *Id.*

On April 3, 2023, the District Judge issued a procedural order, which provided in part:

> The parties shall . . . additionally discuss whether or not either party intends to file any *Daubert* and/or *Kumho* motions as well as the issues, timeliness and length of such *Daubert* and/or *Kumho* motions.
>
> . . . .
>
> This pre-conference filing shall be made no later than April 10, 2023.

7

*Procedural Order* at 1-2. On April 10, 2023, the parties filed a joint pre-filing conference memorandum which did not mention any intention to file a *Daubert/Kumho* motion. *Jt. Pre-Filing Conf. Mem.* at 1-3. On April 26, 2023, the District Judge issued an order in lieu of pre-filing conference and set the dates for filing and responding to the motion for summary judgment. *Order in Lieu of Pre-Filing Conf.* (ECF No. 105). During the motion for summary judgment process, the parties submitted statements of material fact that included expert witness testimony without objection. *See Order on Mot. for Summ. J.* at 9-11 (ECF No. 143). However, in its summary judgment motion, BRP noted its desire to reserve its right to challenge admissibility of evidence and its intent to "present any Rule 702 challenges to Plaintiff's experts' opinions in accordance with deadlines to be established by the Court." *BRP's Mot. for Summ. J.* at 3. On April 30, 2024, the question of expert testimony arose again at oral argument on the motion for summary judgment, at which time the Court directed BRP that "if you want to make a *Daubert* motion, you're certainly welcome to do that." *Mot. Tr.* at 11:25-12:10.

On June 5, 2024, the Court issued its order on the motion for summary judgment, reciting in part the expected expert testimony. *Order on Mot. for Summ. J.* at 9-11.

On September 20, 2024, BRP filed its final pretrial memorandum and stated that it intended to raise whether the Court should admit the opinion testimony of the Plaintiff's experts under Rule 702 as recently amended. *BRP Pre-Trial Mem.* at 7. On September 27, 2024, the Court held a final pretrial conference, *Min. Entry* (ECF

8

No. 159), and on October 1, 2024, it issued a final pretrial order setting October 4, 2024 as the date for filing any motions in limine and October 14, 2024 as the date for any responses. *Report of Final Pretrial Conf. and Order* at 2 (ECF No. 162). The parties have now filed eighteen motions in limine as well as proposed jury instructions, and deposition designations and counter-designations.

## IV. DISCUSSION

As an initial matter, the Court disagrees with BRP's blithe and erroneous assertion that the Court never set a deadline for the filing of Rule 702 motions. *Def.'s Opp'n* at 1 ("[T]here was no formal deadline for Rule 702 motions ever set by the Court"). The Court is confounded by this assertion in view of its repeated and explicit setting of deadlines for *Daubert/Kumho* motions. At first, the Court thought BRP was attempting to distinguish between Rule 702 motions and *Daubert/Kumho* motions and arguing that the Court's *Daubert/Kumho* motion deadlines did not apply to Rule 702 motions. However, in footnote one, claiming that Plaintiff's counsel was being "disingenuous," BRP castigates Plaintiff's counsel for what BRP perceived was his attempt to distinguish between a Rule 702 motion and a *Daubert/Kumho* motion:

> Plaintiff disingenuously "submits" that BRP referenced Rule 702 as opposed to "*Daubert*" so as to not draw attention of the Court . . . .. Plaintiff's effort to distinguish 702 motions and "*Daubert*" motions is the definition of form over substance.

*Def.'s Opp'n* at 1 n.1. In its attempt to derogate Mr. Ratcliffe's argument, BRP implicitly concedes the relevant point: *Daubert* motions and Rule 702 motions are substantively the same and are certainly the same for purposes of the Court's deadlines. Thus, the Court concludes that BRP knew that when the Court set

9

deadlines for *Daubert/Kumho* motions, it was setting deadlines for the filing of precisely the same Rule 702 motions challenging the reliability of expert witness testimony that BRP filed on October 4, 2024, long after the expiration of the applicable deadlines.

As noted above, the first scheduling order clearly set such a deadline:

> <u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions Challenging Expert Witnesses with Supporting Memoranda</u>: **March 2, 2021**.

*Scheduling Order* at 3 (emphasis in original). The Court cannot envision a more explicit deadline than the one in the original scheduling order, and the Court's subsequent extensions of the motion deadline implicitly refer back to this original order.

Furthermore, as the Court has traced developments in this case, upon repeated motions of the parties, the Court periodically extended the deadline for the filing of *Daubert/Kumho* motions until the final deadline of April 17, 2023. *Feb. 15, 2023 Order*. Then, after BRP filed a notice that it intended to move for summary judgment, on April 3, 2023, the District Judge issued a procedural order, which provided in part:

> The parties shall . . . additionally discuss whether or not either party intends to file any *Daubert* and/or *Kumho* motions as well as the issues, timeliness and length of such *Daubert* and/or *Kumho* motions.

*Procedural Order* at 1. In its prefiling memorandum of April 10, 2023, BRP made no mention of its intention to file *Daubert/Kumho* motions. If BRP wished to file a *Daubert/Kumho* motion, it was obligated to comply with the Court's order and notify the Court that it intended to do so. Nor did BRP file any such motion by the April 17,

10

2023 deadline contemplated by the February 15 order. By failing to mention its intention to file a *Daubert/Kumho* motion or file the same within the court-ordered deadline, BRP waived its right to consideration of its motions in the manner consistent with imposition of the early *Daubert/Kumho* deadlines.

BRP's second line of defense is that it repeatedly reserved the right to file *Daubert/Kumho* motions. First, BRP refers to a footnote in its memorandum in support of its motion for summary judgment, in which it stated that it would "present any Rule 702 challenges to Plaintiff's experts' opinions in accordance with deadlines to be established by the Court." *BRP's Mot. for Summ. J.* at 3 n.1. The problem with this footnote is that the court-imposed deadlines for the filing of *Daubert/Kumho* motions or for notifying the Court of its intent to file the same had both already expired by the time BRP filed its memorandum on May 26, 2023. *See Feb. 15, 2023 Order* (setting a deadline of April 17, 2023 for filing of any *Daubert* motions); *Procedural Order* at 2 (ordering the pre-conference filing containing parties' intent to file any *Daubert/Kumho* motions "be made no later than April 10, 2023").

Next, BRP points to an interchange between the Court and defense counsel during oral argument on the motion for summary judgment on April 30, 2024:

> MR. TRISCHLER: Because - - because that - - frankly, that dispute about what BRP knew, if we want to call it that, I think ultimately, when we get to the *Daubert* stage, what - - I think the evidence that we're going to present to this Court is that there's no scientific basis for that conclusion and it's pulled out of thin air. But - - but it's in the record as we speak.
>
> THE COURT: That's right. Okay. So if you want to make a *Daubert* motion, you're certainly welcome to do that.

11

  MR. TRISHCHLER: Right.

*Mot. Tr.* at 11:25-12:10.

  BRP has badly misconstrued this interchange, taking it out of its procedural context. In its scheduling and other procedural orders, the Court separated out *Daubert/Kumho* motions for a reason. Unlike common motions in limine, a *Daubert/Kumho* motion often requires a court to familiarize itself with complex areas of science or technical knowledge in order to perform its gatekeeping function. *See Daubert*, 509 U.S. at 597 (explaining that the district courts act as gatekeepers on expert testimony); *see also Lawes v. CSA Architects & Eng'rs LLP*, 963 F.3d 72, 97 (1st Cir. 2020) ("*Daubert* assigns the trial court the role of 'gatekeeper,' which requires courts to make an independent determination that 'any and all scientific testimony or evidence admitted [at trial] is not only relevant, but reliable'") (citation omitted). A trial court is charged with evaluating whether "an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 55-56 (1st Cir. 2021) (quoting *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012) (quoting *Daubert*, 509 U.S. at 597)).

  Depending on the complexity of the issues, a trial court may convene a *Daubert* hearing to make this evaluation. *See, e.g., Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 84 (1st Cir. 2017) (noting that the district court held a two-day *Daubert* hearing); *Samaan*, 670 F.3d at 31 (noting "[t]he district court convened a *Daubert* hearing to screen [the proposed expert testimony]"). The purpose of the *Daubert* hearing is to educate the court on the nuances of the expert's field. *Samaan*, 670 F.3d at 35 ("Many

12

aspects of science are a mystery to laymen without the aid of experts"). A hearing allows the judge to inquire into "the methodology and the basis for an expert's opinion" for the purpose of "ensur[ing] that there is an adequate fit between the expert's methods and his conclusions." *Id.* at 31-32.

The reason the Court carefully imposed and reimposed *Daubert/Kumho* motion deadlines is precisely because they deserve to be placed on a different track from other evidentiary motions, given their potential complexity. On April 30, 2024, the Court had just reviewed an extensive summary judgment record and anticipated, based on a thoroughly litigated record, that there might be challenges to expert testimony. The Court was saying to Attorney Trischler that, despite the lapse of the *Daubert/Kumho* motion deadline, if he wished to proceed with a *Daubert/Kumho* motion challenging the basis of an expert's opinion, the Court would be willing to entertain reopening this issue. In other words, if he moved to file a *Daubert/Kumho* motion, the Court would be amenable to granting a motion and setting forth new deadlines for its consideration. Attorney Trischler never filed such a motion; instead, he filed motions to exclude the experts' opinions mere weeks before the scheduled trial date. The Court did not grant BRP a carte blanche to file a *Daubert/Kumho* motion at any time and in contravention of the Court's deadlines.

BRP's later attempts to reserve the right to file a motion where the filing deadline had already lapsed are of no avail. It is the Court, not BRP, that sets deadlines, and a party's attempt to circumvent the deadline by later reservation is ineffective.

13

In light of this procedural history, where the Court has repeatedly imposed, extended, and reimposed deadlines for the filing of *Daubert/Kumho* motions, BRP's post-deadline filing of *Daubert/Kumho* motions under the guise of motions in limine violates the letter and spirit of the Court's order. If BRP wished to file a *Daubert/Kumho* motion implicating an expert's reliability and methodology, it should have done so by the deadline imposed by the February 15, 2023 order of the Court or, at minimum, acted in accordance with the instructions of the April 3, 2023 order by discussing the filing with opposing counsel and notifying the Court of the issues, timeliness, and length of the motions. BRP did neither.

The Court's conclusion that BRP flouted standard procedure for objecting to experts is consistent with First Circuit authority in *Feliciano-Hill*, where the First Circuit wrote that "[p]arties have an obligation to object to an expert's testimony in a timely fashion, so that the expert's proposed testimony can be evaluated with care." 439 F.3d at 24. In keeping with *Feliciano-Hill*, the Court deliberately set a separate deadline for the filing of any *Daubert/Kumho* motions, a deadline BRP repeatedly ignored.

Here, Mr. Ratcliffe proffered three expert witnesses: (1) Stephen Batzer, Ph.D., an engineer, (2) Robert Nobilini, Ph.D., a mechanical and biomechanical engineer, and (3) David R. Lenorovitz, Ph.D., a human factors engineer and ergonomist. *See Def.'s Mots*. BRP's motions to exclude these three experts raise questions of whether they used reliable methodologies, whether they had sufficient facts and data to

express their opinions, and whether their opinions are the result of reliable and reproducible tests. *Id*.

In its opposition to the motion to strike, BRP instructs the Court on what it must do. *Def.'s Opp'n* at 8 ("Simply put, it is now clear that [the Court] must perform a Rule 702 analysis before admitting an expert opinion over objection"; "The Court should not abdicate its gatekeeping responsibility. . .."). BRP conveniently ignores its own obligations to obtain a proper *Daubert/Kumho* ruling, including filing its objections in a timely fashion—here, a timely filing would have been within the court-ordered deadlines, or else upon a motion to be allowed to file after the deadline had expired.

The question becomes whether a party who violates court-imposed *Daubert/Kumho* deadlines is nevertheless entitled to bring a *Daubert/Kumho* motion long after those deadlines have passed. In this case, the Court concludes that by failing to bring timely *Daubert/Kumho* motions, BRP has forfeited the right to a *Daubert/Kumho* hearing, but the Court will not preclude BRP from making an objection on Rule 702 grounds either at trial or in a motion in limine. The First Circuit has written that "[a] trial setting normally will provide the best operating environment for the triage which *Daubert* demands." *Doucette v. Jacobs*, 106 F.4th 156, 169 (1st Cir. 2024) (quoting *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997)). By filing a *Daubert/Kumho* motion as a motion in limine just before trial, the result is a more abbreviated consideration of the Rule 702 motion and a more cursory resolution than if BRP had complied with the deadlines.

15

In this case, the motions to exclude the experts have been fully briefed and the Court has sufficient facts to address them as *Daubert/Kumho* motions, and therefore, the Court will do so. Even though the Court is deeply skeptical that BRP did not understand the scope and meaning of its *Daubert/Kumho* deadlines, the Court takes seriously its obligation to allow parties to introduce only properly admissible evidence. This obligation rings especially true in this case, where the Plaintiff has sustained grievous injuries and Defendants are defending the integrity of their product.

The Court wishes BRP's counsel had obeyed its deadlines and placed these issues before the Court in a timely and orderly fashion, and the Court does not accept any of its excuses for failing to do so. Nevertheless, the Court is not willing to penalize BRP by allowing into evidence based on waiver potentially inadmissible evidence, and thus will do its best in the short time before trial to address the merits of the pending *Daubert/Kumho* motions. *See* FED. R. CIV. P. 1 (The civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Moreover, the parties, including Mr. Ratcliffe, will ultimately benefit if the Court resolves the expert witness issues raised by BRP, since the trial should proceed only with admissible evidence. Even so, by squeezing the Court's consideration of the *Daubert/Kumho* motions into the last few weeks before trial, BRP has effectively foreclosed the Court's ability to hold a formal *Daubert* hearing and forced the Court to rule on the paper record before it.

At bottom, to ensure only properly admissible evidence is presented at trial, the Court will consider the merits of BRP's motions in limine to exclude the Plaintiff's experts.

## V.   CONCLUSION

The Court DISMISSES without prejudice the Plaintiff's Motion to Strike Defendant BRP U.S. Inc.'s Motions in Limine Nos. 1, 2 and 3 as Untimely Daubert Motions Filed Over One Year After the Court's Filing Deadline for *Daubert/Kumho* Motions. (ECF No. 188). Despite BRP's clear violation of its deadlines for the filing of *Daubert/Kumho* motions, the Court will reach the merits of its motions in limine seeking to disqualify the expert opinions in this case.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2024