UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN J. RATCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00234-JAW |
| | ) | |
| BRP U.S., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT BRP'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF OTHER ACCIDENTS OR INCIDENTS**

Consistent with First Circuit law, the court concludes that a plaintiff in a product liability claim relating to a vehicle rollover may present evidence of prior rollovers of the same type of vehicle to argue that the manufacturer and the distributor had been placed on notice of the general risk of rollover because the record reveals that the circumstances of the prior rollovers were substantially similar to those at issue in the case at bar. However, based on the plaintiff's failure to establish substantial similarity as to the nature of the prior rollovers and mechanism of occupants' injuries in the prior rollovers, the plaintiff may not present evidence of prior rollovers for the purpose of arguing the defendants' prior knowledge of the particular nature of his rollover and the mechanism of his injury without establishing a proper foundation for admission.

I.     **BACKGROUND**

On July 30, 2019, a utility terrain vehicle (UTV) driven by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the

1

manufacturer; and Tidd's Sport Shop, Inc. (Tidd's), the distributor; asserting negligence and strict liability claims against both, respectively.[1]  *Id.* ¶¶ 17-57.

In light of the upcoming trial date, on October 4, 2024, BRP filed a motion in limine to exclude evidence of or reference to other incidents involving Can-Am Maverick off-road vehicles, the brand of vehicle driven by the Plaintiff at the time of the injury underlying this case.  *Def. BRP's Mot.* in Lim. *No. 4 and Supporting Br. to Exclude Evidence of Other Accidents or Incidents* (ECF No. 171) (*Def.'s Mot.*).  On October 15, 2024, Mr. Ratcliffe filed his opposition to the exclusion of such evidence. *Pl. Stephen J. Ratcliffe's Obj. to Def. BRP's Mot.* in Lim. *No. 4 and Supporting Br. to Exclude Evid. of Other Accidents or Incidents* (ECF No. 197) (*Pl.'s Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   BRP's Motion to Exclude Evidence of Other Accidents

BRP moves the Court to exclude the introduction of any evidence of other accidents or incidents involving Can-Am Maverick off-road vehicles, including but not limited to the X3 model.  *Def.'s Mot.* at 1.  BRP's motion focuses on the accounts of other accidents contained in the report of Mr. Ratcliffe's design expert, Steven Batzer, Ph.D., in which Dr. Batzer concludes that "early rollover tendency is supported by OSIs (other similar incidents) documented by BRP and produced in discovery."  *Id.*

---

[1]      Mr. Ratcliffe's complaint included a third defendant, ABC Corporation, a fictional placeholder entity for any additional defendants found during discovery. *Pl.'s Resp. to the Ct.'s Order to Show Cause* (ECF No. 19). On October 19, 2020, the Court dismissed all claims against ABC Corporation because "it is not apparent that this Court would have jurisdiction over Plaintiff's claims against this entity" and because the Scheduling Order provided Mr. Ratcliffe with the "opportunity to amend his Complaint and join any additional defendants identified via discovery." *Order* (ECF No. 21).  Mr. Ratcliffe has never sought to add any other defendant entities; thus, BRP and Tidd's are the only Defendants to the present case.

(citing *Def.'s Mot.*, Attach. 1, *Forensic Eng'g Report* (ECF No. 171-1).  BRP claims that

Dr. Batzer relies on three particular incidents, titled BRP 004300-09, BRP 004706-

07, and BRP 004334-37, the reports for which BRP attached to its motion as Exhibit

B.  *Id.* at 2 (citing *id.*, Attach. 2, *OSI Reports* (ECF No. 171-2).  BRP requests the

Court deem the evidence of these other incidents inadmissible for three reasons:

> 1. The foundation of substantial similarity cannot be met;
>
> 2. The reports on which Bat[z]er and Plaintiff rely are inadmissible
> hearsay; and
>
> 3. Even if Plaintiff could overcome issues of relevancy, these isolated
> reports are unfairly prejudicial and inadmissible under Rule 403.

*Id.* at 3.

First, BRP argues that admitting evidence of dissimilar accidents violates

Rules 401 and 402 of the Federal Rules of Evidence.  *Id.* at 4.  After asserting that

the Plaintiff has failed to demonstrate the similarity of other accidents to the accident

underlying this case, BRP avers that "[i]t is hornbook law that other accident

evidence is only relevant if the other accidents occurred under circumstances

substantially similar to those at issue in the case at bar."   *Id.* (citing *Barker v. Deere

& Co.*, 60 F.3d 158, 162 (3d Cir. 1995) (collecting cases that stand for the "substantial

similarity" principle and stating that "every court of appeals to have considered the

issue agrees"); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981)).  BRP opines

that the Plaintiff bears the burden of establishing "substantial similarity" through

the explanation of exact circumstances demonstrating the similarity and asserts that

Mr. Ratcliffe "has not proffered any evidence upon which the Court can make a

reasoned determination as to whether the prior incidents involving the Can-Am

vehicles were substantially similar to the accident that resulted in Plaintiff's injuries." *Id.* at 5.

Calling Mr. Ratcliffe's silence on the issue of similarity "deafening," BRP endeavors to distinguish the three purportedly similar incidents from Mr. Ratcliffe's accident. Regarding BRP 004300-4309, BRP notes the incident did not involve a driver's-side-leading roll, the injury was to a passenger who failed to use the vehicle's safety features, and the dynamics of the accident "are completely different" from the accident underlying the instant suit. *Id.* at 5-6. Next, seeking to distinguish BRP 004334-4337, BRP submits the incident report contains no facts regarding the cause of the accident or the injuries sustained, with the only customer complaint relating to the failure of a seatbelt to release. *Id.* at 6. It asserts that "[t]here is no issue in this case about seat belt performance and Plaintiff can point to literally nothing to suggest this is a similar accident." *Id.* Finally, with regard to BRP 004706-07, BRP reports that the rollover was caused by an unidentified mechanical failure while the vehicle was traveling 45 miles per hour, and resulted in the operator's ejection from the vehicle, which BRP argues indicates a failure to use the seatbelt. *Id.* at 6-7. At bottom, BRP argues "none of these other incidents are substantially similar to what happened in this case," such that the Court should preclude Plaintiff from presenting them as evidence, either directly or by reference. *Id.* at 7.

Turning to its second basis for exclusion, BRP submits the reports on which the Plaintiff relies "are all inadmissible, unreliable hearsay," asserting the incident reports, claim letters, and customer complaints "lack any indicia of trustworthiness."

*Id.* (capitalization altered).  The Defendant cites caselaw from the Third and Fifth Circuit Courts of Appeal and federal district courts rejecting the admission of reports and claims from absent third parties on hearsay grounds.  *Id.* at 7-8 (collecting cases). Comparing the evidence of other incidents relied on by Dr. Batzer in his report to these cases, BRP requests the Court preclude such evidence as inadmissible hearsay. *Id.* at 8.

Third, BRP insists that, even if substantially similar and non-hearsay incidents existed, the Court should still exclude them as unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence.  *Id.*  The Defendant asserts that "[e]vidence of other accidents creates burdensome and confusing collateral issues for both courts and juries."  *Id.* at 9 (citing, *inter alia*, *Kinan v. City of Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (finding that, if allowed to introduce evidence of other lawsuits, "[t]he merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time")).  Rule 403 was designed to prevent "a series of mini-trials within this trial regarding tangential issues," BRP argues, such that the Court should exclude evidence of other accidents involving Can-Am off-road vehicles.  *Id.* at 10.

### B.   Stephen J. Ratcliffe's Objection to BRP's Motion to Exclude Evidence of Other Accidents

Mr. Ratcliffe objects to BRP's motion to exclude evidence of other accidents and incidents involving Can-Am off-road vehicles.  *Pl.'s Opp'n* at 1.  He rejects the premise of BRP's motion, arguing that he does not seek to introduce evidence of other

incidents to establish substantial similarity, but rather to establish BRP was on notice of the risk of Maverick X3 rollovers before his accident occurred. *Id.*

First, Mr. Ratcliffe asserts BRP's internal testing documented "multiple cases of rollovers." *Id.* at 2. (citing *id.*, Attach. 1, *Safety Review Mem.* (ECF No. 197-1)). He claims this risk is validated by the other, similar incidents reported to BRP, as well as records of customer complaints and incident reports predating his purchase of the Maverick X3. *Id.* at 2-3 (citing *id.*, Attach. 2, *Incident Spreadsheet 1* (ECF No. 197-2); *id.*, Attach. 3, *Incident Spreadsheet 2* (ECF No. 197-3).

Mr. Ratcliffe further asserts the safety review memorandum and incident spreadsheets should be deemed admissible as business records pursuant to Rule 803(6) of the Federal Rules of Evidence. *Id.* at 3 (citing FED. R. EVID. 803(6)).

Next, Mr. Ratcliffe highlights how a BRP representative deposed in this case testified to his previous involvement in a separate lawsuit stemming from another rollover of a Maverick vehicle which also resulted in amputation. *Id.* (citing *id.*, Attach. 5, *Dep. Tr. of Marc Lacroix* at 7:5-9:13 (ECF No. 197-5)). Mr. Ratcliffe argues that prior lawsuits against BRP arising from rollover incidents "may be raised by the plaintiff as probative of notice to BRP or knowledge of BRP, not for the truth of the matters alleged or substantial similarity of the details of the incidents." *Id.*

The Plaintiff further disputes the relevance of the caselaw relied upon by BRP; specifically, he argues *McKinnon* involved a claim that a blade guard on a circular saw was defective, while his own claim relies on the absence of a protective guard. *Id.* at 3-4. As such, Mr. Ratcliffe again argues evidence of prior rollovers is relevant

6

to establishing BRP's knowledge of the risk of rollovers. *Id.* (citing *State v. O'Hara*, 627 A.2d 1001, 1005 (Me. 1993) ("[E]vidence of the prior incident is relevant to [the defendant's] knowledge of the risk that the gun involved in this case was capable of inadvertently discharging")). Similarly, Mr. Ratcliffe seeks to distinguish *Barker* on the grounds that the Third Circuit found the circumstances of a rollover incident proffered as evidence different from the plaintiff's case, in which "an object entered the operator area and ejected the operator from his seat." *Id.* at 4 (quoting *Barker*, 60 F.3d at 163). In his case, Mr. Ratcliffe argues, all rollover incidents "are the exact same mechanism of injury," and as such should be allowed by the Court as probative of BRP's knowledge of the type of risk. *Id.* at 4-5.

Finally, Mr. Ratcliffe responds to BRP's hearsay allegations by reiterating that he does not seek to introduce reports of other rollover incidents for their truth, but rather for the non-hearsay purpose of "show[ing] BRP's *knowledge* of the risk of rollover." *Id.* at 5 (emphasis in original).

## III.   DISCUSSION

The Court concludes that evidence of other accidents and incidents involving Can-Am Maverick X3 off-road vehicles is highly probative and not unfairly prejudicial when introduced for the purpose of proving notice of a general risk of rollover, and thus the Court will not preclude the presentation of such evidence at the upcoming trial.

In making this ruling, the Court highlights the distinction between the admissibility of evidence of other rollovers to demonstrate that BRP was generally on

notice that its Can-Am Maverick X3 was susceptible to rollovers and the admissibility of evidence of other rollovers to demonstrate that BRP was on specific notice that its Can-Am Maverick was susceptible to rollovers of the same mechanism and causing the same injuries sustained by Mr. Ratcliffe.  The evidence of prior Maverick X3 rollovers placed BRP on general notice that its UTVs could roll over, and therefore BRP had an obligation to anticipate and minimize the risk of injury to the occupants from rollovers.  To this extent, evidence of prior rollovers is substantially similar to the rollover in this case.

However, it is another step to contend that, because the Maverick X3 was susceptible to rollovers, BRP was on notice that the rollovers bore a specific risk of limb amputation caused by the mechanism in Mr. Ratcliffe's case.  Based on the evidence presently in the record, the Court declines to take this step.  Two of the rollovers, as described by BRP, involved seatbelt issues.   In one of the incidents, an occupant alleged that she broke her hand when the UTV flipped to her right; she does not mention an attempt to brace herself nor imply her injury was caused by her hand being crushed by the vehicle.  Based on these descriptions, there is an insufficient similarity between these prior incidents and the mechanism and nature of Mr. Ratcliffe's injuries to render them admissible to prove that BRP was on notice that occupants of the Can-Am Maverick were at risk of incurring the specific mechanism of injury in this case.

Thus, the Court grants in part and dismisses in part BRP's motion in limine. The Court dismisses the motion to the extent it seeks to exclude all evidence of prior

rollovers; however, the Court grants the motion to the extent it seeks to exclude the use of prior rollover evidence to demonstrate that BRP was on notice of the precise mechanism of injury Mr. Ratcliffe sustained.

As correctly cited by BRP, the First Circuit considered the admissibility of evidence of other accidents in *McKinnon*, in which it specifically held "[e]vidence of prior accidents is admissible on the [issues of prior knowledge, existence of the defect, causation, and negligent design] only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." 638 F.2d at 277. The First Circuit did not limit its decision to evidence presented for the truth of the matter asserted, which is admittedly a necessary element of hearsay evidence; instead, the First Circuit cited caselaw rejecting the introduction of prior accidents for each of the four contemplated purposes. *Id.*

As relevant for providing notice, the First Circuit cited *P.B. Mutrie Motor Transportation, Inc. v. Interchemical Corporation*, 378 F.2d 447 (1st Cir. 1967), which stated, on "the question whether defendant was put on notice of the risk involved," that "proof of prior accidents is inadmissible where there is no showing of substantial identity of circumstances." *Id.* at 450. In *Mutrie Motor*, the First Circuit admitted the evidence of other accidents, concluding that "'substantial identity' does not mean absolute identity. It is sufficient if the proponent can show identity of the relevant circumstances." *Id.* That case was based on an overflow during the delivery of liquid latex to the plaintiff's storage tank via the "forced air pressure method," *id.* at 449; the defendant sought to exclude the evidence of other overflows of liquid chemicals

9

delivered through this method "because of the difference in materials and the absence of proof that the other receiving lines and tanks were similar to the plaintiff's." *Id.* at 450. In affirming the district court's decision to admit the evidence, the First Circuit reasoned that "the recent behavior of a process or method could be received to show, not the cause of the accident, but simply the defendant's awareness that the use of a method involves a risk that what happened before may happen again." *Id.* at 451.

The First Circuit again adopted this approach in *Moulton v. Rival Company*, 116 F.3d 22 (1st Cir. 1997), where the Court of Appeals upheld the district court's decision to admit evidence of prior accidents involving the defendant's product, a potpourri pot, under the "substantial similarity" test. *Id.*, 16 F.3d at 27. In that case, the defendant argued "there [was] insufficient similarity between the earlier accidents and plaintiff's accident, because the circumstances surrounding the spills were different." *Id.* In *Moulton*, the First Circuit concluded that the district court had not erred by allowing "the introduction of the evidence of the other accidents to show that the product as designed allowed the rapid escape of a significant amount of extremely hot liquid and was thus defective." *Id.*

Based on the record before it, the Court finds the underlying facts and questions presented in *P.B. Mutrie Motor Transportation* and *Moulton* analogous to the present case. Plaintiff does not seek to introduce the evidence of prior accidents to argue that the rollover causing Mr. Ratcliffe's injury occurred in exactly the same manner. Rather, he wishes to use such evidence to demonstrate that BRP had prior

knowledge of the general risk of rollover by Maverick X3 vehicles. *Pl.'s Mot.* at 1. The Court concludes the prior incidents of rollovers by the same vehicles admissible "to show, not the cause of the accident, but simply the defendant's awareness that the use of a method involves a risk that what happened before may happen again." *Mutrie Motor,* 378 F.2d at 451; *see, accord, Pukt v. Nexgrill Indus.*, No. 14-cv-215-JD, 2016 U.S. Dist. LEXIS 119918, at *3 (D.N.H. Sept. 6, 2016) ("When a party offers evidence of other accidents to show notice or awareness of a dangerous condition, however, the similarity requirement is relaxed. In such circumstances, a lack of exact similarity . . . will not cause exclusion provided the accident was of a kind which should have served to warn the defendant") (internal citations and quotation marks omitted).

Here, the evidence of prior rollovers made BRP aware that the Maverick X3 posed this general risk. As described above, however, the Court does not find the Plaintiff has demonstrated the evidence of other rollovers exhibit sufficient similarity to Mr. Ratcliffe's particular mechanism of injury, and as such, will not admit such evidence for the purpose of arguing BRP knew the Maverick X3 posed a particular risk of occupants extending limbs and those limbs being crushed during a rollover.

Limiting the introduction of evidence of prior Can-Am Maverick accidents to prove notice of the general risk of rollover also addresses BRP's hearsay and undue prejudice arguments. *Def.'s Mot.* at 7-10. As noted above, a hearsay objection is only valid when the movant seeks to introduce evidence for the truth of the matter asserted. *See, e.g.*, *United States v. Hudson*, 970 F.2d 948, 957 (1st Cir. 1992) ("As

[the statements] were not being offered for the truth of the matter asserted, they were not hearsay in any respect") (citing FED. R. EVID. 801(c)).

Further, BRP warns the Court of "the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time" by admitting evidence of prior accidents. *Def.'s Mot.* at 10. However, cabining such evidence to prove notice dramatically reduces any such prejudicial effect. As an essential element of duty-to-warn claims, evidence that BRP had prior notice of the general risk of rollovers also holds substantial probative value. As such, the Court concludes introduction of such evidence to prove notice does not violate the balancing test set out by Rule 403. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

## IV.    SUMMARY

Based strictly upon the record before it and the representations of counsel, the Court concludes evidence of prior accidents involving the rollover of the Can-Am Maverick X3, while not presenting identical circumstances, satisfies the First Circuit's interpretation of the substantial similarity standard as the types of accidents that should have warned BRP of the general risk of rollovers. Further, the Court concludes that the probative value of such evidence on the issue of whether BRP had prior notice of the general risk of rollovers outweighs any potential prejudicial effect on the Defendants.

At the same time, the Court observes that the First Circuit has written that a trial court must use "special care" in admitting evidence of purportedly similar incidents. *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 9 (1st Cir. 2011) (citing *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997)). This ruling does not preclude BRP from exploring at trial the extent to which the prior rollovers were circumstantially similar. It only tentatively allows Mr. Ratcliffe, based on the record before the Court, to introduce evidence of prior rollovers, based on their apparent similarity, to argue that BRP was on notice that its Maverick X3 was susceptible to roll over during operation. Based on the record before it, the Court will not allow Mr. Ratcliffe to present such evidence to argue BRP had specific knowledge of the mechanism of Mr. Ratcliffe's injury.

The Court notes that, in his opposition, Mr. Ratcliffe claims the evidence of prior incidents "will not be offered by the plaintiff to show substantial similarity," but rather "to show that BRP was on notice of many Maverick X3 rollovers prior to the plaintiff's." *Pl.'s Opp'n* at 1. This framing appears to conflate the standard for admitting evidence of prior accidents with the proponent's purpose for introducing it. As the First Circuit explained in *McKinnon*, the substantial similarity test applies to evidence presented for the purpose of proving notice. *See McKinnon*, 638 F.2d. at 277. Thus, Mr. Ratcliffe bears the burden of demonstrating a substantial similarity

between the prior rollover incidents and his accident at trial; if he fails to do so, the Court may exclude the evidence.[2]

Under First Circuit law, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing Fed. R. Evid. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

## V.    CONCLUSION

The Court GRANTS in part and DISMISSES in part without prejudice Defendant BRP's Motion *In Limine* No. 4 and Supporting Brief to Exclude Evidence of Other Accidents or Incidents (ECF No. 171). It grants the motion so far as Mr. Ratcliffe intends to introduce evidence of prior rollovers to argue BRP was on notice of the particular mechanism of his injury. It denies the motion with respect to the purpose of establishing BRP's prior knowledge of the Maverick X3's general risk of rollover.

---

[2]    Although not mentioned in this motion, evidence of prior rollovers of the Maverick X3 may be separately admissible to contradict Tidd's alleged assurance to Mr. Ratcliffe that the Maverick X3 rode low to the ground and was less susceptible to rollovers than other UTVs.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2024