UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE,        )<br>                              )<br>          Plaintiff,           )<br>                              )<br>     v.                       )     No. 1:20-cv-00234-JAW<br>                              )<br>BRP U.S., INC., et al.,       )<br>                              )<br>          Defendants.         )  | |

**ORDER ON DEFENDANT BRP'S MOTION IN LIMINE TO PRECLUDE MULTIPLE IMAGES OF PLAINTIFF'S POST-ACCIDENT INJURIES**

In a product liability action involving a vehicle rollover and gruesome injury, a defendant moves to exclude more than two post-injury photographs of the plaintiff's injured arm as unnecessarily cumulative and unfairly prejudicial. The plaintiff objects and asks the court to consider photographic evidence on a photo-by-photo basis. As the court does not have enough information about the other images, since they have not been provided, to determine whether they will be admissible, the court dismisses the motion in limine without prejudice.

**I.    BACKGROUND**

On July 30, 2019, a utility terrain vehicle (UTV) driven by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the manufacturer; and Tidd's Sport Shop, Inc. (Tidd's), the distributor; asserting negligence and strict liability claims against both, respectively. *Id.* ¶¶ 17-57.

In light of the upcoming trial date, on October 4, 2024, BRP filed a motion in limine to preclude the Plaintiff from offering as evidence at trial more than two photographs of the Plaintiff's post-accident injuries. *Def. BRP's Mot. in Lim. No. 7 and Supporting Br. to Preclude Multiple Images of Pl.'s Post-Accident Injuries* (ECF No. 174) (*Def.'s Mot.*). On October 15, 2024, Mr. Ratcliffe objected to the motion, arguing that photos of the injury are relevant to questions of causation and damages and asking the Court to instead handle photographic evidence on a photo-by-photo basis. *Pl.'s Obj. to Def. BRP's Mot. in Lim. No. 7 and Supporting Br. to Preclude Multiple Images of Pl.'s Post-Accident Injuries* (ECF No. 201) (*Pl.'s Opp'n*).

## II. THE PARTIES' POSITIONS

### A. BRP's Motion to Preclude Multiple Post-Accident Images

To prevent unfair prejudice, BRP moves the Court to limit the Plaintiff to presenting a maximum of two photographs of his injury at trial. *Def.'s Mot.* at 1. After reciting the standards for relevance and admissibility pursuant to Federal Rules of Evidence 401 and 402, BRP reminds the Court that the Plaintiff bears the burden of proving admissibility in light of the balancing test set forth in Rule 403. *Id.* at 2 (citing FED. R. EVID. 403 (a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence")).

BRP concedes that photographs of Mr. Ratcliffe's injury are relevant and probative to his claim, *id.* at 1; however, it argues that the balance between probative

value and unfair prejudice required by Rule 403 "will be lost if the jury is inundated with a flurry of post-accident injury photographs." *Id.* at 2-3. "At some point," BRP avers, "dozens of post-accident injury photographs would be cumulative" and "their probative value will be substantially outweighed by the risk of undue prejudice for depicting a gruesome open fracture and mangled skin and bone." *Id.* at 3. If the Court does not limit the introduction of such photographs, BRP posits the jury will be "unnecessary[il]y distract[ed]" from "the actual, disputed issues" in this trial. *Id.*

Citing caselaw from other federal courts, BRP further asserts that "[p]hotographs of a plaintiff's post-accident injury are properly excluded as irrelevant if the nature of a plaintiff's injury is uncontested." *Id.* (citing *Thompson v. Polaris Indus. Inc.*, No. 16-cv-2868, 2019 U.S. Dist. LEXIS 83665, at *59-60 (D. Ariz. May 17, 2019)). The Defendant notes that the First Circuit has held that, even if evidence helps inform disputed issues, a district court "can find its 'untoward effects' . . . to be so weighty that the evidence should be excluded." *Id.* at 4 (quoting *Galarneau v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 504 F.3d 189, 205 (1st Cir. 2007) (quoting *Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999))). Similarly, the Defendant collects cases from outside the First Circuit in which federal courts have precluded the introduction of graphic images as unfairly prejudicial on the basis that the photographs will "induc[e] decision on a purely emotional basis." *Id.* at 3 (citing, *inter alia*, *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1085 (5th Cir. 1986)).

BRP first asserts that the nature of Plaintiff's injury in the present case is not contested, "which alone would be grounds to preclude the post-accident photographs

3

as irrelevant." *Id.* at 4 (citing *Thompson*, 2019 U.S. Dist. LEXIS 83665, at *59-60). BRP next concedes the photographs "may be of some relevance for assessing causation," but insists "[t]hat minimal relevance should not open the door to unrestricted exhibition of injury photographs" because "[t]he images will evoke a strong emotional reaction from jurors." *Id.* The Defendant warns the court that, because sympathy for an injured person cannot be the basis for liability, "[t]he 'untoward effects' of the pictures of the gruesome injuries are 'weighty' enough to warrant exclusion." *Id.* (citing *Galarneau*, 504 F.3d at 205).

BRP concludes that "[t]here is no need, beyond shock value, to allow any more" than two post-accident injury photographs from the Plaintiff and asks the Court to limit the introduction of such photographs from each side accordingly. *Id.* at 4-5.

B. Stephen J. Ratcliffe's Opposition to BRP's Motion to Exclude Multiple Post-Accident Images

Mr. Ratcliffe objects to the Defendant's proposed limitation of photographic evidence of the injury to two photographs, arguing that BRP admitted in its motion that the proffered number is "arbitrary" and the Court should thus deny the motion. *Pl.'s Opp'n* at 1. The Plaintiff quotes further "key admissions" from the Defendant's motion, which it argues "should be dispositive of this matter: (1) 'the nature and severity of Plaintiff's injury is, **no doubt**, probative of the value of any potential damages award' and (2) the photos 'may be relevant to assessing causation and the mechanism of the injury.'" *Id.* (emphasis added by the Plaintiff). In light of these admissions, Mr. Ratcliffe calls the Defendant's motion to limit the Plaintiff to only

4

two photographs "an outrageous premise" that should not be entertained by the Court. *Id.* at 1-2.

Mr. Ratcliffe further indicates that he "has no intent or desire to parade numerous post-accident photos to g[]ild the lily, to submit duplicative or cumulative evidence to the jury, or to waste precious jury time on such issues." *Id.* at 2. Nevertheless, he asserts that limiting the Plaintiff to two post-injury photographs would "unfairly prejudice the plaintiff's case-in-chief" and "sets a dangerous precedent rewarding the defense for effectively trying to micromanage how plaintiff proves his case." *Id.* at 2.

At bottom, Mr. Ratcliffe asks the Court to deny BRP's motion and consider photographic evidence on a photo-by-photo basis at the time of trial. *Id.*

## III.   DISCUSSION

Federal Rule of Evidence 401 defines evidence as relevant if it: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence is generally admissible, unless otherwise precluded by the United States Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. Here, BRP argues numerous post-injury photographs would violate Rule 403, which grants courts the discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

As an initial matter, the Court concludes that the post-injury photographic evidence of the injury to Mr. Ratcliffe's arm and hand are relevant to his claim. As BRP concedes in its motion, and the Plaintiff highlights in its opposition, the Defendant "acknowledges that some of those photographs are relevant and probative," that "[e]vidence of the nature and severity of Plaintiff's injury is, no doubt, probative of the value of any potential damages award," and that "such evidence may be relevant to assessing causation and the mechanism of the injury." *Def.'s Mot.* at 1-2; *Pl.'s Opp'n* at 1.

As BRP correctly observes, the First Circuit in *Galarneau* ruled that relevant evidence may be excluded if the district court judge finds "the 'untoward effects of the proffered evidence' to be to be so weighty that the evidence should be excluded." *Galarneau*, 504 F.3d at 205 (quoting *Faigin*, 184 F.3d at 80). "Under Rule 403's weighing test, 'it is only unfair prejudice which must be avoided.'" *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) (quoting *United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989)). The *Rodriguez-Estrada* Court further explained that, "usually, courts use the term 'unfair prejudice' for evidence that invites the jury to render a verdict on an improper emotional basis." *Id.*

Courts have specifically relied on Rule 403 as the basis for excluding especially gruesome photographs for fear of unfairly prejudicing the jury. In *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926 (1st Cir. 1991), the First Circuit affirmed the district

6

court's decision in limine to exclude photographic evidence of a stillborn fetus after the judge stated:

> The photos are gruesome.  The photos are, in my own estimation . . . insensible [and] I will not admit them in this Court. . .. If I live to be 90 years old I will never forget those photos. . .. I am not going to show them to the jury.

*Id.* at 931.  The First Circuit further noted the diminished probative value of such evidence when "[the plaintiffs] were able to present other evidence in support of their argument."  *Id.*

Here, the two post-injury photographs depicting Mr. Ratcliffe's open fracture which BRP attaches to its motion are undeniably grisly and disturbing.  *See Def.'s Mot.*, Attach. 1, *Injury Photographs* (ECF No. 174-1).  However, as BRP concedes, they are also admissible.  They demonstrate the mechanism of Mr. Ratcliffe's injury so they are probative on liability and the dramatic nature of his injury so they are probative of damages.  The Court thus agrees that the two photographs BRP presented in its motion are, in their own right, admissible.

More than this, the Court cannot say.  Even though Mr. Ratcliffe indicates his desire and intent to present additional images, neither he nor BRP has presented the images to the Court.  The Court cannot rule on the admissibility of evidence it has not seen.  It may be that the images essentially duplicate the two photographs before the Court, and if so, the Court may exclude them as redundant and potentially prejudicial.  But the photographs may be probative for other reasons, including to document Mr. Ratcliffe's recovery, his capacity, then and now, or to illustrate his pain and suffering damages.  If the additional photographs are probative of something not

7

depicted in the two photographs now before the Court, the Court will weigh their prejudicial impact against their probative value on a photograph-by-photograph basis. In other words, if the additional photographs depict only what is already shown in the two photographs BRP submitted, Mr. Ratcliffe will have to convince the Court that their probative value is not cumulative and not outweighed by their prejudicial effect. *See* FED. R. EVID. 403.

## IV. CONCLUSION

The Court DISMISSES without prejudice Defendant BRP's Motion *In Limine* No. 7 and Supporting Brief to Preclude Multiple Images of Plaintiff's Post-Accident Injuries (ECF No. 174) as it requests the Court to issue a pretrial ruling on the admissibility of evidence the Court has never seen.

SO ORDERED.

                                         /s/ John A. Woodcock, Jr.
                                         JOHN A. WOODCOCK, JR.
                                         UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2024