UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEPHEN J. RATCLIFFE,      )
      )
     Plaintiff,      )
      )
    v.      )     No. 1:20-cv-00234-JAW
      )
BRP U.S., INC., et al.,      )
      )
     Defendants.      )

## ORDER ON DEFENDANT BRP'S MOTION IN LIMINE TO EXCLUDE HUBERT ROWLAND'S TECH TALK TUESDAY VIDEO

Based on a defendant's publication of a third party's statements on its website with accompanying support for the third party's credibility for the purpose of promoting its products, the court concludes that a defendant in a product liability case has adopted the third party's statements and thus declines to exclude them on hearsay grounds.

## I.    BACKGROUND

On July 30, 2019, a utility terrain vehicle driven (UTV) by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the manufacturer, and Tidd's Sport Shop, Inc. (Tidd's), the distributor, asserting negligence and strict liability claims against both, respectively. *Id*. ¶¶ 17-57.

In light of the upcoming trial date, BRP filed a motion in limine on October 4, 2024 to exclude a video from Hubert Rowland in which he offers his opinion that window safety nets on the vehicle in question, the Can-Am Maverick X3, may help

keep limbs within the confines of the vehicle in the event of an accident. *Def. BRP's Mot.* in Lim. *No. 5 and Supporting Br. to Exclude Hubert Rowland's Tech Talk Tuesday Video* (ECF No. 172) (*Def.'s Mot.*). On October 15, 2024, Mr. Ratcliffe filed his opposition to the exclusion of such evidence. *Pl.'s Obj. to Def. BRP's Mot.* in Lim. *No. 5 and Supporting Br. to Exclude Hubert Rowland's Tech Talk Tuesday Video* (ECF No. 199) (*Pl.'s Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   BRP's Motion to Exclude Hubert Rowland's Tech Talk Tuesday Video

BRP's motion in limine seeks to exclude the Plaintiff's introduction into evidence of a video posted to BRP's website as part of a series titled "Tech Talk Tuesday." *Def.'s Mot.* at 1. This series is produced by Hubert Rowland, who BRP describes as "a mechanic on an off-road race team that BRP sponsors . . . . [who] does not work for BRP and has never been employed by BRP." *Id.* BRP says that Mr. Rowland demonstrates in the video how to install window nets on a Can-Am Maverick X3 and offers his opinion that window nets might be beneficial in keeping limbs in the vehicle in the event of an accident. *Id.* BRP requests the Court exclude this video as "irrelevant, hearsay, and impermissible lay opinion" pursuant to Rules 401, 402, 701, 702, and 802 of the Federal Rules of Evidence. *Id.*

Beginning with relevance, BRP states that, to be admitted at trial, evidence must be relevant. *Id.* at 3 (citing FED. R. EVID. 402). Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is one of consequence in determining the action." *Id.* (citing

2

FED. R. EVID. 401).  BRP avers that Rowland's Tech Talk Tuesday video is irrelevant. *Id.*  The Defendant highlights the video's publication date of July 21, 2020, which it points out is approximately one year after Mr. Ratcliffe's accident.  *Id.*  As such, it argues the video holds no relevance to the issue of what BRP knew or should have known when designing the vehicle.  *Id.*

Second, BRP claims the video should be excluded as inadmissible hearsay.  *Id.* at 4 (later citing FED. R. EVID. 801(c) (defining hearsay as a statement "the declarant does not make while testifying at the current trial or hearing" that is offered "in evidence to prove the truth of the matter asserted")).  The Defendant avers that Mr. Rowland is not a witness in this case, has not been deposed, and his statements were made after and unconnected to the events of this litigation.  *Id.*  Nevertheless, BRP argues, Mr. Ratcliffe seeks to introduce the video to support the truth of his claim that window nets, when installed, are effective at keeping limbs within the vehicle in the event of an accident.  *Id.*  Insisting "[t]his is the definition of hearsay," BRP further contends that none of the exceptions to hearsay apply; specifically, it rejects the party admission exception under Rule 801(d)(2), noting that, as a mere "brand ambassador," *id.* at 5, "Rowland was not instructed by BRP to make any such statements," "Rowland does not speak for BRP, and he has never been an employee or agent of BRP," and "BRP has no control over Rowland in any way, shape, or for[m], that would or could give rise to a master-servant or agency relationship."  *Id.* at 4-5 (citing *id.*, Attach. 2, *Decl. of Marc R. Lacroix* ¶¶ 6-11 (ECF No. 172-2) (*Lacroix Decl.*).  Concluding that Mr. Rowland had no "legal authority to speak for and bind BRP,"

BRP reiterates the statements made in his video should be excluded as hearsay.  *Id.* at 5.

Third, BRP posits that Mr. Rowland's video should be excluded as impermissible lay opinion.  *Id.*  The Defendant asserts that, pursuant to Rule 701 of the Federal Rules of Evidence, opinion testimony from a lay witness must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702, which governs testimony by individuals deemed expert witnesses."  *Id.* (citing FED. R. EVID. 701). BRP submits that Mr. Rowland's statements on the injury-mitigating capabilities of a particular accessory—here, the window nets—are based on his "scientific, technical, or other specialized knowledge," and thus constitute expert testimony rightfully governed by Rule 702.  *Id.* at 5-6 (collecting cases in which courts rejected lay witness testimony on products' safety features).  BRP concludes that Mr. Rowland's opinion on the safety benefits provided by a window net "provides no more value or relevance than soliciting the opinion of the proverbial man on the street," and that the Court should exclude his statements as impermissible lay opinion testimony.  *Id.* at 6.

## B.     Stephen J. Ratcliffe's Objection to BRP's Motion to Exclude Hubert Rowland's Tech Talk Tuesday Video

Mr. Ratcliffe objects to BRP's motion to exclude Mr. Rowland's "Tech Talk Tuesday" video.  *Pl.'s Opp'n* at 1.  As an initial matter, the Plaintiff disputes BRP's characterization of its relationship with Mr. Rowland, directing the Court to BRP's website which advertises Mr. Rowland's "Tech Talk Tuesday" series as:

> If you're going to learn—learn from Hubert Rowland.  Mechanic, action sports expert, and Travis Pastrana's right hand man, this series is all about Hubert showing how to maintain, install accessories, and modify your Can-Am. The only thing missing from these in-depth installs is grease on your hands.

*Id.* at 2 (citing https://can-am.brp.com/off-road/au/en/can-am-world/tech-talk-tuesday.html).   The Plaintiff notes that Can-Am further promotes the video series through its YouTube and Facebook accounts, the latter of which is a "verified page of the company." *Id.*  Within the video, the Plaintiff highlights Mr. Rowland's statements that, *inter alia*, window nets are "very simple thing[s] that help[] guarantee that your arms will stay inside the vehicle just in case an accident happens" and "there you have it, Can-Am Accessories door nets, keeps you a little bit safer." *Id.* at 3.

Turning to BRP's legal arguments, Mr. Ratcliffe first asserts that the video is relevant to his case.  He notes that BRP's arguments and cited caselaw focus on proving knowledge of a design defect, but claims these are inapposite because he seeks to introduce the video to contradict BRP's position that "the window nets serve no safety purpose whatsoever . . . . [and that] the window nets are meant solely for wind protection and perhaps to keep dirt and debris out of the vehicle." *Id.* at 3-4. Mr. Ratcliffe avers that by posting the video on its public platforms, BRP "has made it part of its own marketing campaign." *Id.* at 4.  Citing the deposition of BRP's designee Marc Lacroix, Mr. Ratcliffe points out that Can-Am "posted the video to the Tech Talk playlist . . . . [and] that Can-Am Off-Road could have erased the video from its website and/or social media pages if it so desired," *id.*, Attach. 1, *Videotaped Webconference Dep. Of Marc Lacroix* (ECF No. 199-1) (*Dep. Tr. of Marc Lacroix*), such

that the video is relevant to proving the purpose of the window nets, which he argues BRP has placed in dispute by its "continuing and unwavering refusal to accept the window nets have safety purposes." *Id.*

Furthermore, Mr. Ratcliffe asserts the video should be admitted under Rule 703 as the basis for the opinions of Dr. Steven Batzer and Dr. Robert Nobilini, his expert witnesses in this case, as demonstrating "how easy it is to install the window nets and in demonstrating the side window protection they provide." *Id.* at 5. Weighing the balance of probative value and prejudicial effect under this rule, he argues that "BRP cannot be unfairly prejudiced by a video it posted on its website and social media and which it has maintained on its social media to date." *Id.*

Second, Mr. Ratcliffe disputes BRP's characterization of the video as hearsay, claiming that the Defendant "has gone to great lengths, even attempting to assert new facts into this case well after the close of fact discovery through the appending of an affidavit from Mr. Lacroix to this motion, to disavow Mr. Rowland as an agent of BRP." *Id.* The Plaintiff finds several flaws in BRP's position. Beginning with Mr. Lacroix's declaration, Mr. Ratcliffe insists that, because BRP does not intend to put Mr. Lacroix on the stand at trial "[it] should not be permitted to introduce new evidence at this late stage without allowing the plaintiff to cross-examine him on the topics raised." *Id.* at 5 n.2. Mr. Ratcliffe also notes that, after receiving Mr. Lacroix's declaration regarding BRP's relationship with Mr. Rowland, the Plaintiff requested a copy of BRP's brand ambassador agreement with Mr. Rowland, a request "BRP flatly refused." *Id.* at 6 (citing *id.*, Attach. 2, *Email* (ECF No. 199-2) (*Clem Trischler's*

6

*Email of Oct. 9, 2024*) ("any eleventh[-]hour demand for additional discovery pertaining to Rowland is both untimely and irrelevant").  Mr. Ratcliffe interprets BRP's failure to provide the agreement or attach it to Mr. Lacroix's declaration as an implication that the agreement is "unhelpful (if not fatal) to BRP." *Id.*

"Notwithstanding BRP's obfuscation," Mr. Ratcliffe avers that "what is clear is that Mr. Rowland is either a direct agent of BRP and his statements are attributable to . . . BRP[], or BRP's actions in re-posting these videos was an adoption of those statements and therefore not hearsay." *Id.*

Mr. Ratcliffe argues the Court should deem Mr. Rowland's statements admissible for two reasons: first, that Mr. Rowland was the direct agent of BRP and his statements are thus attributable to BRP; and second, that BRP's act of reposting the videos functions as its adoption of his statements. *Id.*  Citing Rule 801(d)(2) of the Federal Rules of Evidence, the Plaintiff asks the Court to take judicial notice that Mr. Rowland posted videos to Can-Am's website with its permission and promotion as a brand ambassador, rather than as a "rogue fan." *Id.* at 7-8 (citing FED. R. EVID. 801(d)(2)(A)).  Mr. Ratcliffe also argues the approved posting on Can-Am's website, in addition to BRP's posting of the content on its social media pages, makes the video a statement of a party opponent under Rule 801(d)(2)(B). *Id.* at 8 (citing FED. R. EVID. 801(d)(2)(B) (a statement is not hearsay if it is "offered against an opposing party" and "is one the party manifested that it adopted or believed to be true")).  Further, Mr. Ratcliffe reiterates Mr. Lacroix's admission, on behalf of BRP, that the company could have removed the video at any time if it had so desired, which he argues

provides further evidence of the video as an adopted admission by BRP. *Id.* While Mr. Ratcliffe concedes that Maine courts have not ruled on whether posting a video on a defendant's website or social media constitutes an adoptive admission, *id.* at 8, he cites other courts' decisions which held that the contents of a website or the posting of a third-party statement on a party-controlled website serves as an adoptive admission. *Id.* at 8-10 (collecting cases).

Third, Mr. Ratcliffe disagrees with BRP's position that Mr. Rowland's video constitutes impermissible lay opinion. *Id.* at 10. He begins by arguing that BRP has failed to establish that Mr. Rowland's statements constitute an expert opinion, rather than the perceptions of a layperson, and points out that BRP's website describes Mr. Rowland as an "action sports expert." *Id.* Mr. Ratcliffe avers that Mr. Rowland's statements regarding the safety benefits of a window net are based on "what [his] experiences have been in his own profession and through his colleague Travis Pastrana," and that BRP's website concedes "Mr. Rowland has ample experience perceiving what window nets do and don't do." *Id.* at 10-11. The Plaintiff further argues that Mr. Rowland's statements are not based on specialized or technical knowledge, but rather "his personal knowledge and observations." *Id.* at 11.

At bottom, Mr. Ratcliffe asks the Court to deny the motion to exclude Mr. Rowland's "Tech Talk Tuesday" video and to allow the jury to weigh this evidence in making their determination. *Id.* at 11-12.

## III.  DISCUSSION

The Court concludes that Mr. Rowland's "Tech Talk Tuesday" video, as promoted and reposted on BRP's website and social media accounts, is relevant to the

8

case at bar and has been adopted by BRP.   Further, BRP's argument that Mr. Rowland's statement is inadmissible lay opinion testimony mischaracterizes the nature of the evidence; the Plaintiff does not intend to call Mr. Rowland as a witness and instead proffers his statements as BRP's adoptive admission.   Thus, the Court declines to preclude the Plaintiff from introducing the video into evidence at trial.

Beginning with relevance, BRP claims that the video's publication after the accident underlying the present case makes it irrelevant to what BRP knew or should have known before the accident. *Def.'s Mot.* at 3.   Mr. Ratcliffe, however, asserts that Mr. Rowland's statements in the video regarding the net's safety benefits remain relevant insofar as they contradict BRP's argument that the sole purpose of the window nets is to protect the driver from wind, dirt, and debris. *Pl.'s Opp'n* at 3-4. Federal Rule of Evidence 401 defines evidence as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."   FED. R. EVID. 401.   Relevant evidence is admissible unless otherwise barred by the Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.   FED. R. EVID. 402.

On relevance, the Court concludes that Mr. Ratcliffe has the better side of the argument.   The Plaintiff brings design defect and failure-to-warn claims, both of which depend on the risk presented by a customer's proper use of the product.   The manufacturer of a product selling an add-on to the product specifically tailored to reducing a potential risk would be probative to whether the product indeed presents

that risk.  Here, BRP's selling of the window nets, if designed and sold for the purpose of keeping limbs within the vehicle rather than to protect against wind and debris as BRP claims, would thus make it more likely that the Can-Am Maverick X3 without a net fails to properly mitigate this risk.  As Mr. Ratcliffe's claims depend on the question of the risk presented by the Maverick X3, the Court concludes this evidence is relevant to the present case and thus presumably admissible under Rule 402.

The Court thus proceeds to consider whether any other rules preclude its admission into evidence.

BRP argues that the statements of Mr. Rowland constitute inadmissible hearsay, citing Rules 801 and 802 in support.  *Def.'s Mot.* at 4-5.  The Plaintiff disputes this position by arguing the statements fall within the exception for party opponent statements on two grounds: first, that Mr. Rowland made the statements within the scope of his relationship as BRP's agent, and second, that BRP adopted the statements by promoting them on its website and reposting them on its social media accounts.  *Pl.'s Opp'n* at 5-10.

The Federal Rules of Evidence define hearsay as statements that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801.  Hearsay statements are presumed inadmissible unless within an exception provided by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  FED. R. EVID. 802.  Mr. Ratcliffe relies on the party opponent statement exception to hearsay provided by Rule 802(d)(2); specifically, he

10

implicates subsection (B) "[the statement] is one the party manifested that it adopted or believed to be true," and subsection (D) "[the statement] was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FED. R. EVID. 802(d)(2).

While BRP admits it has a professional relationship with Mr. Rowland as a "brand ambassador," it has refused to provide the contract as requested by the Plaintiff after the close of discovery; thus, the Court lacks adequate information to finally determine whether Mr. Rowland's professional relationship with BRP satisfies the agent/employee statement exception under Rule 801(d)(2)(D).[1]  However, the Court finds that the video's publication on the BRP website and social media accounts, combined with its touting of Mr. Rowland's credentials, satisfies the Rule 801(d)(2)(B) of a party's manifesting its adoption or belief in its truth, and thus the Court need not confront the question of agency under Rule 801(d)(2)(D).

Under Rule 801(d)(2)(B), a party is deemed to have adopted a third-party statement if it "manifested that it adopted or believed [it] to be true." FED. R. EVID. 801(d)(2)(B).  This exception does not require an employment relationship or for the speaker to have been given "legal authority to speak for and bind [the company]," which is the main focus of BRP's argument. *Def.'s Mot.* at 4-5.  Instead, all it requires is the party opponent to have "manifested" its adoption or belief in its truth.  In most

---

[1]     Mr. Ratcliffe complains that the Defendant declined to share the brand ambassador agreement between Mr. Rowland and BRP.  *Pl.'s Opp'n* at 5-6.  However, as the proponent of this evidence, Mr. Ratcliffe has failed to demonstrate his compliance with the discovery deadlines to obtain this document within the discovery period, which BRP correctly points out "ended 2 years ago." *Clem Trischler's Email of Oct. 9, 2024* at 1.  Nor has the Plaintiff moved the Court to permit additional discovery.

circumstances, the analysis of this exception considers whether the silence of the party opponent constitutes an adoptive admission. *See, e.g.*, *United States v. Miller*, 478 F.3d 48, 51 (1st Cir. 2007) ("This doctrine provides that, in certain circumstances, a party's agreement with a fact stated by another may be inferred from (or 'adopted' by) silence. Such an inference may arise when (i) a statement is made in a party's presence, (ii) the nature of the statement is such that it normally would induce the party to respond, and (iii) the party nonetheless fails to take exception") (internal citations omitted). Here, however, BRP was not silent; indeed, it promoted the video series on its website and published Mr. Rowland's video on its verified Facebook platform. *Pl.'s Opp'n* at 2-3.

Mr. Ratcliffe concedes that Maine courts have not ruled on whether posting a video on a website or social media page constitutes an adoptive admission.[2] *Id.* at 8. While Mr. Ratcliffe turns to other courts, this Court first considers the Advisory Committee's notes to the Federal Rules of Evidence. The Committee's notes on Rule 801 state that "[a]doption or acquiescence may be manifested in any appropriate manner." FED. R. EVID. 801, advisory committee's notes, subdivision (d)(2)(B). The Notes specifically explains that "[w]hile knowledge of contents would ordinarily be essential, this is not inevitably so: 'X is a reliable person and knows what he is talking about.'" *Id.* This note is particularly relevant to the present case, where BRP added its own support for Mr. Rowland's reliability through the statement on its website: "If you're going to learn—learn from Hubert Rowland. Mechanic, action sports expert,

---

[2]    Here, the Court assumes Mr. Ratcliffe is discussing federal courts in Maine, since this Court applies the federal, not state, rules of evidence to its proceedings.

and Travis Pastrana's right hand man, this series is all about Hubert showing how to maintain, install accessories, and modify your Can-Am. The only thing missing from these in-depth installs is grease on your hands." *Pl.'s Opp'n* at 2.

Taken together, BRP's publication of the video on its public-facing platforms and its independent assertion of Mr. Rowland's reliability function as an adoption of the statements made in the video. *See, accord, Momah v. Bharti*, 182 P.3d 455, 466 (Wash. Ct. App. 2008) ("By posting on his web[]site, [the defendant] has taken affirmative steps to provide the information to inform the public about himself . . .. By providing the content as a means of publicizing himself, [the defendant] effectively manifests his belief in the truth of the information"). As such, the Court concludes that the video qualifies for the party opponent exception to hearsay, and thus will not preclude its introduction into evidence on that basis.[3]

## IV.   CONCLUSION

Based on its publication of Mr. Rowland's Tech Talk Tuesday videos on its website and social media platforms, coupled with its own statements in support of Mr. Rowland's credibility, the Court concludes that BRP adopted Mr. Rowland's statements and thus declines to exclude evidence of the same on hearsay grounds. Accordingly, the Court DISMISSES without prejudice Defendant BRP's Motion *In*

---

[3]       BRP also objects to the presentation of evidence of Mr. Rowland's Tech Talk Tuesday video on the basis that it constitutes an impermissible lay witness opinion and should properly be considered an expert opinion subject to the requirements of Federal Rule of Evidence 702. *Def.'s Mot.* at 5-6. The Court finds this argument inapposite to the nature of the evidence at issue, which Mr. Ratcliffe proffers as a third-party statement adopted by BRP which is inconsistent with its claim that the Maverick X3 window nets serve no safety purpose. Mr. Ratcliffe has indicated no intent to call Mr. Rowland as a witness at trial, as a layperson or an expert. Thus, the Court declines to reach BRP's argument that his statements should properly be considered an expert witness opinion.

*Limine* No. 5 and Supporting Brief to Exclude Hubert Rowland's Tech Talk Tuesday

Video (ECF No. 172).

      SO ORDERED.

                  /s/ John A. Woodcock, Jr.
                  JOHN A. WOODCOCK, JR.
                  UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2024