UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   No. 1:20-cv-00234-JAW |
| BRP U.S., INC., et al., | ) ) ) |
|       Defendants. | ) ) |

**ORDER ON DEFENDANT BRP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A YOUTUBE VIDEO FEATURING MATT PARKS**

A defendant in a product liability case asks the court to exclude as evidence a video in which an employee of a competitor vehicle manufacturer describes the types of risks known to the industry. The plaintiff objects and asks the court to permit reference to the video as one of the bases for its expert witness's opinion. The court concludes the evidence is relevant, probative, and not unfairly prejudicial, such that it may be disclosed as a basis for the expert opinion.

**I.   BACKGROUND**

On July 30, 2019, a utility terrain vehicle (UTV) driven by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the manufacturer; and Tidd's Sport Shop, Inc. (Tidd's), the distributor; asserting negligence and strict liability claims against both, respectively. *Id.* ¶¶ 17-57.

With trial looming, BRP filed a motion in limine on October 4, 2024 to exclude as evidence a YouTube video featuring an individual named Matt Parks (the Parks

1

video), who opines in the video that extending an arm to brace oneself can be a natural response in the event of an accident. *Def. BRP's Mot.* in Lim. *No. 8 and Supporting Br. to Exclude Evid. of a YouTube Video Featuring Matt Parks* (ECF No. 175) (*Def.'s Mot.*). On October 15, 2024, Mr. Ratcliffe objected to the motion, arguing that he does not seek to introduce the Parks video into evidence and the video is exclusively used by his biomechanics expert Stephen Nobilini, Ph.D., as part of the basis for his expert opinion. *Pl. Stephen J. Ratcliffe's Obj. to Def. BRP's Mot.* in Lim. *No. 8 and Supporting Br. to Exclude Evid. of a YouTube Video Featuring Matt Parks* (ECF No. 202) (*Pl.'s Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   BRP's Motion to Exclude a YouTube Video Featuring Matt Parks

In sum, BRP moves the Court to exclude any evidence of or reference to a YouTube video featuring Matt Parks, a former employee of Polaris Industries, one of BRP's competitors in the UTV manufacturing industry, in which Mr. Parks avers that "in an emergency situation, always hold onto the steering wheel. Sometimes the natural response is to put your hand out like you are falling." *Def.'s Mot.* at 1-2 (citing *id.*, Attach. 1, *Nobilini Rep.* at 15 (ECF No. 175-1)). The Defendants aver that Mr. Ratcliffe's expert witness Dr. Nobilini cites the Parks video in support of his opinion that "there exists a natural, instinctive reaction to reach out in a vehicle rollover." *Id.* at 1.  BRP posits that, as they are "[u]nable to offer 'good grounds' for their opinions, Plaintiffs' experts instead resort to references to anecdotal, irrelevant hearsay musings of non-parties which they pull from the internet." *Id.*  The

Defendant specifically asserts the Parks video is irrelevant because Mr. Parks makes this comment while discussing a different product made by a different manufacturer, and further that the statements are hearsay and impermissible lay opinion, *id.*; BRP thus urges the Court to exclude the Parks video pursuant to Federal Rules of Evidence 401, 402, 701, 702, and 802. *Id.* at 1-2.

First, BRP argues the Parks video is irrelevant and unfairly prejudicial under Federal Rule of Evidence 402. *Id.* at 3. To be relevant, the Defendant says, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and the fact must be "of consequence in determining the action." *Id.* (quoting FED. R. EVID. 401). BRP emphasizes that Mr. Parks "never operated a [Can-Am] Maverick X3," the vehicle purchased and driven by Mr. Ratcliffe at the time of the accident underlying this case; moreover, Mr. Parks "played no role in the design, development, or testing of the X3," and "never worked for BRP." *Id.* Instead, BRP submits, "[t]he . . . Parks video discusses a different side-by-side manufactured by Polaris Industries Inc.," which it argues the Court should deem "irrelevant to BRP and the issues in this case." *Id.*

The Defendant directs the Court to other federal district court decisions in which evidence of characteristics of a manufacturer's similar products was excluded as irrelevant and unfairly prejudicial. *Id.* at 3-4 (citing *Miller v. Ford Motor Co.*, No. 2:01-cv-545, 2004 U.S. Dist. LEXIS 29846 (M.D. Fla. July 22, 2004); *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 340 (N.D. Ill. 1988)). BRP insists the Plaintiff in the instant case goes even further by "attempt[ing] to introduce evidence

3

related to other products made by other manufacturers," *id.* at 4, an additional step the Defendant argues has been rejected by federal circuit courts. *Id.* (citing *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1159 (4th Cir. 1986); *All Alaska Seafoods, Inc. v. Tyco Elec. Corp.*, 83 F. App'x 948, 951 (9th Cir. 2003)). Admitting evidence "regarding other vehicles made by other manufacturers and statements made by representatives of those manufacturers do[es] nothing to prove or disprove the claims in this litigation" that the Maverick X3's design was defective and that the defect caused Mr. Ratcliffe's injury. *Id.* Thus, BRP asks the Court to "exclude the . . . Parks video as irrelevant and unfairly prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403." *Id.*

Next, BRP argues that Mr. Parks' statements in the video constitute hearsay and should thus be excluded on this independent ground. *Id.* Quoting Federal Rule of Evidence 801(c), the Defendant defines hearsay as "a statement 'the declarant does not make while testifying at the current trial or hearing' that is offered 'in evidence to prove the truth of the matter asserted,'" *id.*, which is generally inadmissible unless within an exception established elsewhere in the Federal Rules of Evidence. *Id.* BRP offers that "[Mr.] Parks is not a witness in this case, has never been deposed, and his commentary on this video w[as] made out-of-court," and warns the Court that "Plaintiff and his experts will seek to offer [the statements made in the Parks video] for their truth—that there is some natural tendency to stick your arm outside a side-by-side during a rollover." *Id.* at 4-5. This, BRP avers, is "the definition of hearsay." *Id.* at 5 (citing FED. R. EVID. 801, 802). BRP additionally argues that the Parks video

4

does not fit within any of the exceptions to the hearsay rule; for example, Mr. Parks was not employed by BRP, so "[h]is statements cannot be considered a non-hearsay party admission under Rule 801(d)(2)." *Id.* (citing *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 139 (D. Mass. 1990)). BRP thus asks the Court to exclude introduction of or reference to the Parks video as inadmissible hearsay. *Id.*

Lastly, BRP argues the Parks video constitutes impermissible lay opinion as governed by Rule 701 of the Federal Rules of Evidence. *Id.* Under this rule, Defendants write, opinion testimony by lay witnesses must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702, which governs testimony by individuals deemed expert witnesses." *Id.* (quoting FED. R. EVID. 701). BRP posits that "[h]ow an off-road occupant will respond to the forces of a vehicle rollover or tipover is a matter beyond the experience of a lay witness," *id.* (citing *Berner v. Carnival Corp.*, 632 F. Supp. 2d 1208, 1212 (M.D. Fla. 2009)), because it "implicates issues related to occupant kinematics, vehicle dynamics and accident reconstruction." *Id.* at 6. The Defendant continues by pointing out that these issues have been the subject of "peer-reviewed, scientific studies" and arguing that the Plaintiff implicitly recognizes this subject requires expertise by designating experts to offer opinions on the subject. *Id.* BRP concludes that "Plaintiff has not and cannot establish that Matt Parks, the former Polaris Industries Inc. salesman, has the type of specialized

5

knowledge necessary to offer an opinion on the subject," and submits that, as such, the Court should exclude the Parks video as impermissible lay opinion testimony. *Id.*

At bottom, BRP requests the Court enter an order precluding the Plaintiff from introducing or referring to evidence of the Parks video at trial. *Id.*

>    B.  **Stephen J. Ratcliffe's Objection to BRP's Motion to Exclude a YouTube Video Featuring Matt Parks**

Mr. Ratcliffe objects to BRP's motion. He insists that he does not seek to offer the Parks video as an exhibit to his case in chief; instead, the Parks video "was referenced by plaintiff's biomechanical engineering expert Robert Nobilini, Ph.D. in his report." *Pl.'s Opp'n* at 1. Despite not seeking the video's admission as evidence at trial, the Plaintiff notes "he will discuss the video and the jury may see it under Rule 703." *Id.* However, Mr. Ratcliffe defends the use of the video by explaining it "is one data point of many that Dr. Nobilini considered in forming his opinions" and "was part of his review of the UTV industry." *Id.* at 1-2. Pursuant to Federal Rule of Evidence 703, Mr. Ratcliffe explains that "an expert may base his opinion on material that would not otherwise be admissible." *Id.* at 2 (quoting Fed. R. Evid. 703) ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted")). Plaintiff argues that the Parks video is "the type of material an expert would discover when researching safety concerns in the UTV industry." *Id.*

6

Mr. Ratcliffe characterizes BRP's "real complaint" as being that the Parks video "was not made by BRP or made for the Maverick X3" but contends this argument "goes to weight" rather than admissibility of the evidence. *Id.* The Plaintiff accepts that BRP can criticize the evidence on these grounds but argues the Parks video's probative value substantially outweighs any risk of unfair prejudice to BRP by showing the jury "it is not just plaintiff's paid expert who has the 'natural response' opinion, but it is also included in a safety video published by a UTV industry competitor." *Id.* at 2-3. As such, "it is part of the universe of UTV industry knowledge regarding safety." *Id.* at 3. The Plaintiff also notes that "[i]f warranted, such disclosure may be accompanied by a limiting instruction." *Id.* (citing *United States v. 0.59 Acres of Land*, 109 F.3d 1493 (9th Cir. 1997)).

Mr. Ratcliffe reiterates that the Parks video "will not be offered as evidence in the case" but merely disclosed as "data reviewed and relied on by an expert in forming his opinions." *Id.* As such, Plaintiff says, the Parks video "need only have 'probative value in helping the jury evaluate' Nobilini's opinions," *id.* (citing FED. R. EVID. 703), and BRP's argument that the Plaintiff must prove probative value directly relating to a claim or defense is mistaken. *Id.* Mr. Ratcliffe further distinguishes his case from the caselaw cited by BRP, arguing the *Lohrmann* Court found the evidence had already been "extensively developed" and was being offered as direct evidence, rather than as an expert's reliance materials. *Id.* at 3-4 (citing *Lohrmann*, 782 F.2d at 1159). Similarly, Mr. Ratcliffe notes that the Ninth Circuit in *All Alaska Seafoods* excluded the evidence on "not substantially similar" grounds and that the evidence in that case

7

was being proffered as direct evidence, not disclosed as expert's reliance materials. *Id.* at 4 (citing *All Alaska Seafoods, Inc.*, 83 F. App'x at 951).

Mr. Ratcliffe argues that BRP's arguments regarding hearsay "miss[] the point for the same reason" because, pursuant to Rule 703, "experts are allowed to consider and rely on hearsay in forming their opinions." *Id.* Mr. Ratcliffe directs the Court to decisions by the First Circuit Court of Appeals, which has permitted experts to rely on "technical manuals, conversations with manufacturers, and [their] prior experience" in forming their opinions, while noting "the entirety of his or her testimony cannot be the mere repetition of the out-of-court statements of others." *Id.* (quoting *United States v. Luna*, 649 F.3d 91, 105 (1st Cir. 2011); *see also Am. Universal Ins. Co. v. Falzone*, 644 F.2d 65, 66 (1st Cir. 1981) (instructing the jury that expert report was being admitted only to show the basis of the expert's opinion and not for the truth of the report)).

Finally, Mr. Ratcliffe responds to BRP's argument of prejudice by asserting that BRP would not be prejudiced by reference to a competitor's safety video in which "[n]either BRP nor the Maverick X3 are mentioned." *Id.* He notes that the competitor's vehicle shown in the Parks video is easily distinguishable from the Maverick X3 as it comes with neither full window nets nor doors such that there is no risk of confusing the jury, and further that Mr. Parks' instruction to hold onto the steering wheel in an emergency is the same instruction BRP gives "throughout its warnings and operator guide." *Id.* at 5. Thus, Mr. Ratcliffe argues "[t]here is no

8

cognizable risk that a jury may misuse this information for substantive purpose against BRP." *Id.*

The Plaintiff concludes by asking the Court to deny BRP's motion in limine to exclude evidence of or reference to the Parks video. *Id.*

### III.  DISCUSSION

After review, the Court agrees with the Plaintiff that the Parks video is relevant to and highly probative of the issue of risks known to the UTV industry and that Dr. Nobilini was thus entitled to consider the video in generating his expert opinion in this case.  The Court will accordingly allow Dr. Nobilini to refer to the Parks video as he refers to it in his report.  In his report, Dr. Nobilini writes:

> A safety video of Polaris side-by-side recreation off-road vehicles, a competitor of Can-Am, demonstrated that the natural protective reaction of an occupant is something that is generally understood in the industry.  In the video, Polaris Industries representative Matt Parks explained that "in an emergency situation, always hold onto the steering wheel.  Sometimes the natural response is to put your hand out like you're falling."

*Nobilini Rep.* at 15.  The Court observes that Mr. Ratcliffe does not propose to introduce the Parks video itself into evidence, and in fact the parties have not submitted the Parks video to the Court for review.

The Court notes that the parties disagree on the evidentiary purpose of the Parks video and consequentially on the Federal Rule of Evidence applicable to its introduction.  BRP appears to contemplate that Mr. Ratcliffe will proffer the Parks video as direct evidence for its truth, *Def.'s Mot.* at 1-2, while Mr. Ratcliffe explains

9

that he only seeks to disclose the Parks video as "one of the bases of plaintiff's expert's opinions." *Pl.'s Opp'n* at 2.

Rule 703 of the Federal Rules of Evidence states:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703. Mr. Ratcliffe insists that the Parks video "is the type of material an expert would discover when researching safety concerns in the UTV industry." *Pl.'s Opp'n* at 2. The Court recognizes the logic in this approach; in assessing an industry's risks, an expert would not limit his or her inquiry to one company but would look at competitors to determine the types of risks that have been identified in the industry as a whole. Thus, an expert could reasonably rely on the Parks video in determining the kinds of risks recognized in the UTV industry.

Moreover, Mr. Parks' statement regarding the Polaris UTV contradicts what the Court understands is one of BRP's primary defenses: that the Can-Am Maverick X3 did not present a significant risk for the type of injury Mr. Ratcliffe sustained because people do not have a natural tendency to reach outside the UTV during a rollover to break a fall. By putting Mr. Ratcliffe to his proof of this issue, BRP has demonstrated the video's probative value.

Further, Dr. Nobilini's opinion based on the Parks video is not "mere repetition of the out-of-court statements of others," as the First Circuit rejected in *Luna*, 649

10

F.3d at 105. Instead, Dr. Nobilini reviewed thirty-two materials submitted by the Plaintiff in forming his opinion, including depositions, incident reports, medical records, photographs, and patents, as well as conducting his own research, which identified at least "26 videos that demonstrate the natural tendency of an occupant to put their arm out to protect themselves while falling towards the ground as their vehicles tipped over." *Nobilini Rep.* at 1-2, 15.

BRP insists the Parks video is irrelevant to the case at hand, arguing that the differences in vehicle model and manufacturer make any comparison to the Can-Am Maverick X3 inapposite. *Def.'s Mot.* at 3. The Court disagrees. Mr. Ratcliffe's expert does not use the Parks video to support an opinion that the Maverick X3's particular design made it prone to rollovers, for which a comparison to another vehicle would indeed be confusing and inappropriate. Rather, Mr. Nobilini references the video to support two independent conclusions: first, that the industry was aware that occupants of vehicles naturally react to rollovers by reaching out to brace themselves, and second, that companies in the UTV industry recognized that this response poses a safety risk to the occupants of its vehicles. *See Nobilini Rep.* at 15. Evidence is relevant "if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Industry knowledge of a risk is consequential to the product liability claims brought in this case, and statements by a competitor in the UTV industry confirming knowledge of the risks associated with a natural bracing reaction are relevant to this issue.

11

BRP further argues that if the Court deems the Parks video relevant, the risk of unfair prejudice against the Defendant should nonetheless lead the Court to exclude the video. But Mr. Ratcliffe does not propose to introduce the video itself, only his recitation of the portion of the video material to his expert's opinion.

A court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Here, Dr. Nobilini's recitation of a portion of the Parks video contains substantial probative value as evidence of what the UTV industry knew regarding the risks presented during a rollover event and the video's limited purpose as a basis of Dr. Nobilini's expert opinion dramatically reduces any potential for unfairly prejudicial effect.

Dr. Nobilini could not, under the Federal Rules of Evidence, use the Parks video to opine that a similar defect made the Maverick X3 prone to rollovers or that the Polaris vehicles contain superior safety features that would have prevented Mr. Ratcliffe's injury; the differences between the vehicles would lead to a risk of misleading the jury or confusing the issues. However, Dr. Nobilini limits his reference to the Parks video to support his conclusion that "the natural protective reaction of an occupant is something that is generally understood in the industry," which BRP has consistently denied. *Nobilini Rep.* at 15; *Pl.'s Mot.* at 2.

The Court does not believe that differences between the UTVs and the fact that Mr. Parks did not work for BRP creates a risk of confusion or misleading the jury on

12

this issue. To minimize the risk of any potential prejudice, however, the Court will, upon BRP's request, issue a limiting instruction to ensure the jury understands the Parks video is only referenced as support for Dr. Nobilini's opinion, but not for the substantive truth of Mr. Parks' assertions within the video. *See* FED. R. EVID. 703, notes of advisory comm. on 2000 amends. ("If the otherwise inadmissible information is admitted under this balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes"). To be clear, in accordance with Rule 703, the Court will so instruct only if BRP makes a timely request for it to do so.

Limiting the Plaintiff's use of the Parks video to the purpose of explaining the basis for Dr. Nobilini's opinion further responds to BRP's concerns of hearsay and impermissible lay opinion. As the Defendant itself notes, by definition, hearsay evidence must be introduced "to prove the truth of the matter asserted." *Def.'s Mot.* at 4 (citing FED. R. EVID. 801(c)). As discussed, Mr. Ratcliffe discloses the Parks video here as a basis for Dr. Nobilini's expert opinion, not for its truth, which Rule 703 permits even if the underlying evidence would not be independently admissible. Similarly, even if the Defendant was correct in its assertion that Mr. Parks' testimony would not be admissible as lay witness opinion testimony pursuant to Rule 701, Rule 703 permits expert witnesses to rely on inadmissible evidence in forming their expert opinions and may disclose them to the jury so long as "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. As explained above, based on its high degree of relevance to the question

of the UTV industry's knowledge of the natural bracing reaction and low risk of misleading the jury or confusing the issues, the Court concludes the probative value of the Parks video in helping the jury evaluate Dr. Nobilini's expert opinion substantially outweighs any prejudicial effect.

Finally, BRP has not contended that Dr. Nobilini's characterization of Mr. Parks' statements is erroneous. If BRP wishes to itself introduce the actual Parks video to impeach Dr. Nobilini and the accuracy of the facts underlying his opinion, BRP presumably has the video and can seek to introduce the video itself to undercut the foundation of Dr. Nobilini's characterization or to impeach the accuracy of Dr. Nobilini's opinions.

## IV.  CONCLUSION

The Court DISMISSES without prejudice Defendant BRP's Motion *In Limine* No. 8 and Supporting Brief to Exclude a YouTube Video Featuring Matt Parks (ECF No. 175).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2024

14