UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00234-JAW |
| | ) |
| BRP U.S., INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF STEPHEN J. RATCLIFFE'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO HIS THEN 14-YEAR-OLD SON'S OPERATION OF THE SUBJECT VEHICLE**

A plaintiff in a product liability case involving a vehicle rollover moves in limine to preclude evidence or argument that his underage son operated the vehicle several hours before the plaintiff's accident in violation of law and the manufacturer's warnings. The defendant, the vehicle manufacturer, opposes the evidence's exclusion by asserting its relevance to the efficacy of alternative warnings and to rebut plaintiff's claim that the vehicle was prone to rollovers. The court finds the evidence relevant to and probative of these purposes, and not unfairly prejudicial to the plaintiff; thus, the court dismisses the plaintiff's motion.

**I.   BACKGROUND**

On July 30, 2019, a utility terrain vehicle (UTV) driven by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the manufacturer; and Tidd's Sport Shop, Inc. (Tidd's), the distributor; asserting negligence and strict liability claims against both, respectively. *Id.* ¶¶ 17-57.

On October 4, 2024, Mr. Ratcliffe filed a motion in limine requesting the Court exclude evidence of or argument relating to his then fourteen-year-old son's operation of the Can-Am Maverick X3 purchased and driven by the Plaintiff several hours before Mr. Ratcliffe's accident pursuant to Federal Rules of Evidence 401, 403, and 404. *Pl. Stephen J. Ratcliffe's Mot.* in Lim. *To Preclude Evid. or Arg. Relating to His Then 14-Year-Old Son's Operation of the Subject Vehicle* (ECF No. 180) (*Pl.'s Mot.*). On October 15, 2024, BRP objected to Mr. Ratcliffe's motion, asking the Court to allow evidence of and reference to Mr. Ratcliffe's then underage son's operation of the Maverick X3 on the day of the accident. *Def. BRP's Opp'n to Pl.'s Mot.* in Lim. *To Preclude Evid. or Arg. Relating to Ratcliffe's 14-Year-Old Son's Operation of the Subject Vehicle* (ECF No. 190) (*BRP's Opp'n*). Also on October 15, 2024, Tidd's joined BRP's opposition to the motion. *Def. Tidd's Sport Shop, Inc.'s Opp'n to Pl.'s Mots. in Lim.* (ECF No. 215) (*Tidd's Opp'n*).

## II. THE PARTIES' POSITIONS

### A. Stephen J. Ratcliffe's Motion to Preclude Evidence or Argument of His Then 14-Year-Old Son's Operation of the Subject Vehicle

Mr. Ratcliffe moves the Court to preclude evidence or argument of his then fourteen-year-old son, C.R.,[1] operating the Maverick X3 several hours before the accident underlying Mr. Ratcliffe's lawsuit occurred. *Pl.'s Mot.* at 1. The Plaintiff notes that video shows C.R. operating the vehicle with Mr. Ratcliffe in the passenger seat and concedes that "[C.R.] was under the legal age in Maine to be driving on a

---

[1] The Court, sua sponte, refers to Mr. Ratcliffe's son by his initials, C.R., in this order. *See* FED. R. CIV. P. 5.2(a)(3); *United States v. Kravetz*, 706 F.3d 47, 61-63 (1st Cir. 2013) (discussing privacy rights of third parties).

roadway, he was not a licensed driver in any state, and it is possible he was at times driving above the speed limit." *Id.* Mr. Ratcliffe also concedes that BRP's operator guide "warns against driving on paved roads and states that the operator should be at least 16 years of age." *Id.* at 1-2.

Nonetheless, Mr. Ratcliffe argues C.R.'s operation of the vehicle is irrelevant to any claims or defenses in the case because his son is not a plaintiff, he drove on paved roads rather than an off-road gravel pit, and no accident occurred while C.R. drove the Maverick X3. *Id.* at 2. Mr. Ratcliffe adds that the video and arguments regarding C.R.'s operation of the vehicle lack probative value under FED. R. EVID. 401. *Id.*

Even if the Court finds C.R.'s driving relevant, Mr. Ratcliffe says, evidence and argument on the issue should still be precluded under Rule 403 because of the risk of unfair prejudice. *Id.* The Plaintiff warns the Court that "a jury may judge plaintiff harshly for allowing his son to drive while unlicensed, underage, and/or in the manner he was driving" or "fault plaintiff for permitting his son to operate the vehicle at all." *Id.*

Finally, Mr. Ratcliffe argues that the evidence of C.R.'s driving should be precluded under Federal Rules of Evidence 404(a) and (b) governing character trait evidence. *Id.* (citing FED. R. EVID. 404). The Plaintiff describes Rule 404(a) as "prohibit[ing] use of character or character trait evidence to prove that on a particular occasion the person acted in accordance therewith," while Rule 404(b)(1) "prohibits use of evidence of another crime, wrong, or act to prove a person's character to show

3

that on a particular occasion the person acted in accordance therewith." *Id.* Mr. Ratcliffe avers that a jury may view his decision to allow his underage son to drive the Maverick X3 as evidence of the Plaintiff's reckless character and evidence of his prior reckless acts, such that his operation of the Maverick X3 at the time of the accident conformed with his reckless character. *Id.* at 2-3. Thus, Mr. Ratcliffe asks the Court to preclude evidence of C.R.'s driving pursuant to Rules 404(a) and (b). *Id.* at 3.

### B. BRP's Opposition to Plaintiff's Motion to Preclude Evidence or Argument Relating to Mr. Ratcliffe's 14-Year-Old Son's Operation of the Subject Vehicle

BRP opposes the preclusion of evidence of and reference to C.R.'s operation of the Maverick X3, arguing that this provides further evidence of the Plaintiff's knowing disregard of the warnings provided by BRP regarding the operation of the Maverick X3. *BRP's Opp'n* at 1. The Defendant notes that it does not seek to use the evidence "to assassinate the character of a 14-year-old," but rather as evidence of two different points. *Id.* at 2. First, to defeat the causation prong of Mr. Ratcliffe's failure-to-warn claim, "that, since Plaintiff disregarded a host of product warnings and safety recommendations, that Plaintiff would not have heeded any additional or different warnings that he was provided." *Id.* Second, because C.R. operated the Maverick X3 "at speeds three times faster than what Plaintiff claims to have been driving at the time of the accident, it is clearly not prone to rollovers or inherently unstable." *Id.* BRP urges the Court to deny Mr. Ratcliffe's motion because the evidence is probative on these two arguments and not unfairly prejudicial. *Id.* "Just because the evidence

4

hurts Plaintiff's chances to prevail on his failure-to-warn claim does not mean that it is 'unfairly prejudicial,'" BRP contends. *Id.*

BRP avers that, to establish a prima facie case of failure-to-warn, a plaintiff "must prove that the product warnings and safety instructions were inadequate and that some new or different warning would have made a difference in altering behavior in a way that would have prevented the accident." *Id.* (citing *Koken v. Black & Veatch Constr., Inc.*, 426 F.3d 39, 45, 49-51 (1st Cir. 2005); *Bouchard v. Am. Orthodontics*, 661 A.2d 1143, 1145 (Me. 1995); *Burns v. Architectural Doors & Windows*, 19 A.3d 823, 830 (Me. 2011)). Collecting cases from the First Circuit and other courts, BRP acknowledges that "[a] defendant in a failure-to-warn claim can then rebut or attack the claim by offering evidence that the Plaintiff violated use and safety instructions in such a way that it is implausible to believe that a new or different warning would have made a difference." *Id.* at 2-3 (citing, *inter alia*, *Geshke v. Crocs, Inc.*, 889 F. Supp. 2d 253, 263 (D. Mass. 2012), *aff'd*, 740 F.3d 74 (1st Cir. 2014)).

Here, BRP points out that "th[e] accident occurred within hours of the Plaintiff's purchase of the X3." *Id.* at 3. Further, BRP calls Mr. Ratcliffe's decision to permit his son to drive "one of the first things Stephen Ratcliffe did [after purchasing the Maverick X3]," reiterating that C.R. was fourteen at the time, "not licensed to operate motor vehicles," and that C.R. was permitted by his father to drive the Maverick X3 "on the public roads of Maine in violation of state law." *Id.* In addition to being illegal, BRP says, Mr. Ratcliffe's decision "violated the safety warnings of BRP," as shown by the on-product decals and the front page of the

5

Operator's Guide instructing operation of the vehicle only by licensed drivers over the age of 16. *Id.* at 3-6.

BRP argues that "[g]iven Plaintiff's attack on the adequacy and sufficiency of the product warnings, evidence of blatant misuse by the family and Plaintiff's clear disregard of safety messaging is relevant to rebut the causation prong of Plaintiff's claim." *Id.* at 6. The Defendant asserts it should be "free to offer evidence of misuse and disregard of those instructions that were given" to rebut Plaintiff's claims that the warnings were inadequate. *Id.*

Responding to Mr. Ratcliffe's argument that evidence of C.R.'s driving of the Maverick X3 is irrelevant to this case's claims and defenses, BRP contends that the evidence is relevant to rebut Plaintiff's failure-to-warn claim by illustrating that Mr. Ratcliffe "would not have heeded any additional or different warnings." *Id.* at 7. It argues further that the evidence "rebuts Plaintiff's claim that the Subject Vehicle is easy to roll over." *Id.* BRP reiterates that, while C.R. is not a party to the case, "Plaintiff allowed him to drive the Subject Vehicle," *id.* (citing *id.*, Attach. 2, *Pl. Dep. Tr.* 81:16-17 (ECF No. 190-2)), and notes that Plaintiff's own expert testified that C.R. "was under the 'direct controlled supervision' of Plaintiff, who was riding in the passenger seat." *Id.* (citing *id.*, Attach. 3, *Lenorovitz Dep. Tr.* 29:24-30:5 (ECF No. 190-3)). Moreover, the Defendant reminds the Court that driving the Maverick X3 on paved roads also contravened BRP's warnings. *Id.* BRP insists these examples of the "many times Plaintiff ignored BRP's warnings" are "probative of the fact that there are no additional or different warnings that Plaintiff would have heeded, which

6

tends to rebut Plaintiff's failure-to-warn claim." *Id.* at 7-8. The Defendant directs the Court to further federal caselaw in which courts have admitted evidence of a plaintiff's failure to read instructions and follow warnings prior to an accident "as relevant to prove that a plaintiff would not have heeded different warnings." *Id.* at 8 (collecting cases). In sum, BRP asserts "[p]roving that Plaintiff does not heed warnings will enable BRP to rebut Plaintiff's failure-to-warn claim." *Id.*

Next, BRP claims that evidence of C.R.'s operation of the Maverick X3 is further relevant to rebut Plaintiff's expert's claim that the Maverick X3's "geometry, engine size, and the terrain on which it is used ensure that [ . . .] [it] will roll over with a probability far in excess of that of a passenger vehicle designed for the public roads." *Id.* at 8-9 (quoting *id.*, Attach. 4, *Batzer Rep.* at 11 (ECF No. 190-4)) (additions made by Defendant). Pointing out that C.R. "drove the Subject Vehicle at excessive speeds for approximately three minutes on public roads without incident," BRP opines that "the video tends to rebut Batzer's claim." *Id.* at 9.

BRP also insists that evidence of C.R.'s operation of the vehicle would not unfairly prejudice the jury. The Defendant notes that Rule 403 "protects 'against unfair prejudice, not against all prejudice,'" *id.* (quoting *United States v. Whitney*, 524 F.3d 134, 141 (1st Cir. 2008)), and explains that "[a]ll evidence introduced by a party is designed to be prejudicial—to help his case, or to harm his opponent's case, or both." *Id.* (quoting *Faigin v. Kelly*, 184 F.3d 67, 82 (1st Cir. 1999)). BRP emphasizes that the evidence of C.R.'s underage driving above the speed limit "will *undoubtedly* make it more difficult for [Mr. Ratcliffe] to establish his failure-to-warn claim" and the fact

7

that the Maverick X3 did not roll over during C.R.'s operation "will also make it more difficult for Plaintiff to claim that the Subject Vehicle easily rolls over." *Id.* at 9-10 (emphasis added by Defendant). However, these effects "do not warrant preclusion on Rule 403 grounds," BRP says, because the fact that the "that the jury may 'judge' or 'fault' him for allowing his son to recklessly operate the vehicle is exactly what jurors should do, as it is evidence that Plaintiff was violating BRP's warnings and would not heed different warnings." *Id.* at 10 (emphasis added by Defendant).

Finally, Defendant addresses Plaintiff's argument that evidence of C.R.'s operation of the Maverick X3 should be excluded from being presented under Rule 404(a) and (b) "to show that his operation of the vehicle at the time of the rollover was in conformity with his reckless character and prior reckless acts." *Id.* BRP responds that it does not plan to offer this evidence as proof of comparative negligence," *id.*, and explains:

> Instead, BRP plans to offer this evidence (i) to prove that—since Plaintiff disregarded every warning he was given—no additional warnings would have been heeded by Plaintiff, which is relevant to defend against Plaintiff's failure-to-warn claim; and [ii] to rebut [] Plaintiff's claim that the Subject Vehicle easily rolls over, since [C.R.] drove the vehicle at extreme speeds on public roads without incident.

*Id.* Thus, BRP insists, "evidence of [C.R.'s] operation of the Subject Vehicle *cannot* be precluded pursuant to Rule 404." *Id.* (emphasis added by Defendant).

In sum, BRP insists the evidence of and reference to C.R.'s operation of the Maverick X3 is admissible and requests the Court deny Plaintiff's motion to preclude. *Id.*

8

### C. Tidd's Sport Shop, Inc.'s Opposition to Plaintiff's Motions in Limine

Tidd's summarily joins BRP's opposition to the Plaintiff's motion to preclude evidence or argument relating to the operation of the Maverick X3 by the Plaintiff's then fourteen-year-old son. *Tidd's Opp'n* at 1.

## III.  DISCUSSION

Concluding that C.R.'s operation of the Maverick X3 is relevant to and probative of the issue of whether Plaintiff disregarded BRP's warnings, the Court dismisses the Plaintiff's motion to exclude evidence and argument relating to the same.

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402.

Here, Plaintiff claims that evidence that his then underage son operated the Maverick X3 hours before the accident underlying Mr. Ratcliffe's product liability claims lacks relevance to the issues of the case. *Pl.'s Mot.* at 2. BRP disagrees, asserting that the evidence demonstrates Mr. Ratcliffe's tendency to disregard its warnings and that the son's operation of the vehicle at high speeds rebuts the Plaintiff's assertion that the Maverick X3 was prone to rollovers. *BRP's Opp'n* at 2.

9

The Court concludes the Defendant has the better side of this argument. As cited by the Defendant, the First Circuit recognized in *Koken v. Black & Veatch Construction, Inc.* that "a presumption exists in Maine law" that a warning will be heeded, but ruled that the record lacked sufficient evidence to prove that the damage at issue in that case "would not have occurred if the warning had been provided." *Koken*, 426 F.3d at 51. In so doing, the First Circuit indicated factual evidence may be used to undermine a claim that an alternative warning would have prevented an injury. *Id.* That is the precise purpose claimed by the Defendant here: BRP asserts that evidence of Mr. Ratcliffe's disregard for its warnings to not operate the vehicle on paved roads and that operators must be licensed drivers above the age of sixteen tends to prove that, even if an alternative warning had been given, it would not have prevented Mr. Ratcliffe's injury. The Court concludes the evidence of C.R. driving the Maverick X3, mere hours after Mr. Ratcliffe purchased it with the accompanying warnings and shortly before his own injury, relevant to this argument.

Finding relevance, the Court turns to consider whether its relevance is substantially outweighed by its prejudicial effect pursuant to Federal Rule of Evidence 403, which directs courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Mr. Ratcliffe insists "a jury may judge plaintiff harshly for allowing his son to drive while unlicensed, underage, and/or in the manner he was driving." *Pl.'s Mot.* at 2. BRP responds that,

while all evidence is inherently prejudicial to some extent, "Plaintiff seeks preclusion solely on the basis that this relevant evidence will hurt his chance of prevailing at trial," which Rule 403 does not permit. *BRP's Opp'n* at 9-10.

The Court again agrees with the Defendant. The evidence of C.R.'s operation of the vehicle does not risk confusing the issues or misleading the jury; rather, Mr. Ratcliffe objects to this evidence because of his concern that the jury will condemn him for permitting it. But the reason the jury would criticize him for doing so is precisely why the evidence is probative: allowing his underage son to drive on paved roads at high speeds contravened the law, fundamental notions of safety, and the explicit warnings of BRP. As such, the Court finds any potential prejudice not to be unfair.

Finally, Mr. Ratcliffe asks the Court to preclude the evidence of his son's operation of the Maverick X3 pursuant to the rule governing character evidence, Rule 404. *Pl.'s Mot.* at 2-3. The Plaintiff asserts that introducing the evidence to prove he acted recklessly at the time of the accident in accordance with his reckless character would violate Rule 404(a), while introducing it as a prior bad act to show he acted in accordance at the time of the accident would violate Rule 404(b)(1). *Id.* at 3 (citing FED. R. EVID. 404(a), (b)). BRP rejects this claim, asserting that it does not plan to offer the disputed evidence to show Mr. Ratcliffe's character or prove comparative negligence but rather to prove that additional warnings would not have been heeded by the Plaintiff as a defense to his failure-to-warn claim, and further to rebut Plaintiff's allegation that the Maverick X3 rolls over easily. *BRP's Opp'n* at 10.

11

As discussed above, the Court finds the evidence admissible for the Defendant's proffered purposes and accepts its claim that it will not seek to introduce evidence of C.R.'s operation of the vehicle as propensity or prior bad act evidence. However, the Court notes its willingness to consider a limiting instruction regarding the evidence's purpose at trial, if and when the Defendants present the evidence in a manner implicating Mr. Ratcliffe's character or as evidence of prior bad acts. Further, under the law of the First Circuit, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

With this said, the Court is concerned about BRP's proposal to introduce the entire video. Only a portion of the video, which is over twenty-five minutes in length, is potentially related to BRP's purposes. In addition, the Court assumes that BRP will seek to admit evidence of the video for impeachment of Mr. Ratcliffe. If Mr. Ratcliffe is willing to admit the salient aspects of the video, namely that his son was fourteen and lacked a driver's license at the time, that his son's operation was not only illegal but contrary to BRP's warnings, and that his son operated the UTV at

12

high speeds on public roads, which is also illegal and against BRP warnings, then the Court is chary about allowing the video to be played because of the video's strong implication that Mr. Ratcliffe is a careless person and negligent parent. At the same time, if Mr. Ratcliffe denies what is evident on the video, the Court will be inclined to allow the admission of portions of the video relevant to the denials.

## IV.   CONCLUSION

The Court DISMISSES without prejudice Plaintiff Stephen J. Ratcliffe's Motion *In Limine* to Preclude Evidence or Argument Relating to His Then 14-Year-Old Son's Operation of the Subject Vehicle (ECF No. 180).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2024