UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN J. RATCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00234-JAW |
| | ) | |
| BRP U.S., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF STEPHEN J. RATCLIFFE'S MOTION IN LIMINE TO PRECLUDE EVIDENCE, ARGUMENT, AND VIDEO RECORDINGS OF DRIVING TESTS CONDUCTED IN FLORIDA BY DEFENDANT BRP'S EXPERT KEVIN BREEN**

The plaintiff in a product liability action involving a vehicle rollover moves in limine to preclude evidence or argument of a driving test conducted in Florida by the defendant's expert witness, arguing that circumstantial differences make the test irrelevant to the material issues of the case and unfairly prejudicial to the plaintiff. The defendant manufacturer objects, arguing the evidence rebuts the plaintiff's claims about the instability of the vehicle in question and demonstrates its expert's opinion. The court agrees with the defendant and declines to preclude the evidence.

## I.    BACKGROUND

On July 30, 2019, a utility terrain vehicle (UTV) driven by Stephen J. Ratcliffe overturned, causing significant injuries. *Compl.* ¶ 15 (ECF No. 1). On July 2, 2020, Mr. Ratcliffe brought product liability claims against both BRP U.S., Inc. (BRP), the manufacturer; and Tidd's Sport Shop, Inc. (Tidd's), the distributor; asserting negligence and strict liability claims against both, respectively. *Id.* ¶¶ 17-57.

On October 4, 2024, Mr. Ratcliffe filed a motion in limine requesting the Court preclude evidence or argument of driving tests conducted by BRP's expert, Kevin Breen, as irrelevant, unfairly prejudicial, and not relied on as a basis for Mr. Breen's expert opinion. *Pl. Stephen J. Ratcliffe's Mot.* in Lim. *to Preclude Evid., Arg., and Video Recordings of Driving Tests Conducted in Fl. by Def. BRP's Expert Kevin Breen* (ECF No. 185) (*Pl.'s Mot.*).  On October 15, 2024, BRP opposed Mr. Ratcliffe's motion, asserting that the evidence is relevant and probative to the Plaintiff's product defect and negligence claims. *Def. BRP's Resp. in Opp'n to Pl.'s Mot.* in Lim. *to Preclude Evid., Arg., and Video Recordings of Driving Tests Conducted in Fl. by Def. BRP's Expert Kevin Breen* (ECF No. 198) (*BRP's Opp'n*).  Also on October 15, 2024, Tidd's joined BRP's opposition to Mr. Ratcliffe's motion. *Def. Tidd's Sport Shop, Inc.'s Opp'n to Pl.'s Mots. In Lim.* (ECF No. 215) (*Tidd's Opp'n*).

## II.   THE PARTIES' POSITIONS

### A.   Stephen J. Ratcliffe's Motion to Preclude Evidence and Video of Driving Tests Conducted in Florida by BRP's Expert Kevin Breen

Mr. Ratcliffe moves the Court to preclude evidence, argument, and video recordings of the driving tests conducted in an "exemplar vehicle" by BRP's expert witness and his colleague. *Pl.'s Mot.* at 1.  He asserts Mr. Breen conducted his tests after BRP disclosed its expert reports, and thus its "experts did <u>not</u> rely on the driving tests or the results thereof in forming their disclosed opinions." *Id.* (emphasis in original).  Further, he says, "[t]he driving tests were conducted on a closed, sandy off-road course in Florida." *Id.*  Based on these characteristics, Mr. Ratcliffe asks the Court to preclude the Florida driving tests and video recordings of the same as

2

irrelevant, unfairly prejudicial, and misleading to the jury pursuant to Federal Rules of Evidence 401 and 403.  *Id.*

Mr. Ratcliffe begins with factual distinctions between the driving tests and "the terrain where the . . . rollover occurred."  *Id.*  First, he points out that the terrain where the driving tests were conducted "is predominantly flat and sandy."  *Id.*  Next, he avers "[t]he apparently fine sandy surface terrain for the driving tests is clearly different from the more gravelly terrain at Gogan's pit, which is over 1,700 miles from the site of the Breen driving tests."  *Id.* at 2.  The Plaintiff further observes that the driving test "involved Mr. Breen's son driving in a circle around cones," that "the surface is pancake flat," and that "the radius of the circle was carefully measured beforehand."  *Id.* at 3-4.  Based on these distinctions, the Plaintiff argues "[i]t is misleading to show an exemplar vehicle, operated by the son of BRP's expert, performing maneuvers without incident on a dissimilar surface."  *Id.* at 4.

Mr. Ratcliffe next emphasizes that BRP's experts did not rely on the driving tests in forming their expert opinions, quoting a passage from Mr. Breen's deposition:

> Q.    Do you rely upon that test that your son drove the vehicle around that fixed point as a basis for your opinions?
>
> A.    No. I think it demonstrates what I concluded based on the calculations.
>
> Q.    So it's more of a demonstrative-type thing, not the basis of your opinions or your opinions?
>
> A.    I would say that's a better characterization of it, sure.
>
> Q.    Okay. Is there a reason why you left it out of the report?
>
> A.    It hadn't been done on -- the report was issued on October 7th.

3

> Q.    When was it done?
>
> A.    Pardon me?
>
> Q.    When was it done?
>
> A.    October 27th, I think.
>
> Q.    So last week?
>
> A.    Yes.

*Id.* at 4-5 (quoting *id.*, Attach. 1, *Breen Dep. Tr.* at 112:21-113:14 (ECF No. 185-1)).

Mr. Ratcliffe adds that BRP's expert William Newberry "was not even aware of the driving tests . . ., or video recordings when he testified," as demonstrated by his deposition:

> Q.    Have you seen another demonstration or test where Casey Breen goes out on a sandy area and drives the exemplar around? Have you seen that video?
>
> A.    So, like, a drive-through or ride-through or a driving demonstration?
>
> Q.    Yes.
>
> A.    I've seen that on many occasions, yes.
>
> Q.    In this case, have you seen that?
>
> A.    I don't know that I -- I don't know that I saw this one.  I can't remember.  If it would have been sent to me, I would have included it in my materials received.  I don't remember.
>
> Q.    So that's not something that you rely upon for your opinions in this case, if I have it correct?
>
> A.    Yeah. Again, with the same caveat I gave before insofar as they form Kevin's opinions that he's giving to me.  Otherwise, not directly -- I'm not directly relying on that driving demonstration for my opinions.

*Id.* at 5-6 (citing *id.*, Attach. 2, *Newberry Dep. Tr.* at 181:14-182:9 (ECF No. 185-2)).

Mr. Ratcliffe urges the Court to preclude evidence of the driving test and video recordings of it as "misleading, unfairly prejudicial, and . . . not even relevant to the disclosed opinions of BRP's experts" pursuant to Federal Rules of Evidence 401 and 403. *Id.* at 6.

### B.   BRP's Opposition to Plaintiff's Motion to Preclude Evidence and Video of Driving Tests Conducted in Florida by BRP's Expert Kevin Breen

BRP opposes the Plaintiff's motion, asserting that Mr. Ratcliffe cites no legal support for his requested preclusion and further that the driving test evidence is relevant to the case at bar.   BRP first notes that Mr. Breen "is a highly qualified engineer who was retained to perform a design evaluation of the 2019 Can-Am Maverick X3."   *BRP's Opp'n* at 1.   It continues that Mr. Breen's "engineering evaluation involved the analysis of the handling and stability characteristics of the X3," which it claims rebuts the opinion of Plaintiff's expert witness, Stephen Batzer, who wrote that the Maverick X3 "has a tendency to overturn."   *Id.* at 1-2 (citing *id.*, Attach. 1, *Batzer Rep.* at 11 (ECF No. 198-1)).   BRP argues Mr. Breen's analysis included "a series of ride and handling tests where the X3 is operated through a full range of turning maneuvers, in sand, hard packed dirt, through water and over rocks," which led to his opinion that the Maverick X3 "is safe[,] it handles predictably[,] and it does not overturn easily."   *Id.* at 2.   BRP insists that it "is certainly entitled to rebut Batzer's claim" and that Mr. Breen's testing is relevant to doing so.   *Id.*

BRP characterizes the Plaintiff's argument as: "this evidence is irrelevant and misleading because the riding and handling evaluation post-dated his expert report

and because . . . the evaluations were conducted on sand—as opposed to gravel," and responds to both points in turn. *Id.* Reminding the Court that the question underlying this case "is whether BRP sold a reasonably safe side-by-side," BRP argues Mr. Breen's design evaluation "included testing to demonstrate and confirm his opinions, which is exactly what experts are supposed to do." *Id.* It notes that Plaintiff's experts did not perform "any testing at all—operational or otherwise—to support or confirm their opinions, which are littered with *ipse dixit*." *Id.* at 2 n.1. (citing *Def. BRP's Mot.* in Lim. *No. 1 and Supp. Br. to Exclude the Ops. of Stephen Batzer* (ECF No. 168); *Def. BRP's Mot.* in Lim. *No. 2 and Supp. Br. to Exclude the Ops. of Robert J. Nobilini* (ECF No. 169); *Def. BRP's Mot.* in Lim. *No. 3 and Supp. Br. to Exclude the Ops. of David Lenorovitz* (ECF No. 170)). BRP posits that Mr. Breen's testing is relevant to the issue of the Maverick X3's reasonable safety, and further would aid the jury in understanding Mr. Breen's opinions. *Id.* at 2. It continues that the driving test evidence would not mislead the jury because it does not attempt or intend to recreate Mr. Ratcliffe's accident; instead, "it merely shows that the Subject Vehicle rides and handles safely and predictably across a broad spectrum of off-road surfaces." *Id.*

Beginning with its relevance arguments, BRP recites the standards of relevant and admissible evidence provided by Federal Rules of Evidence 401 and 402. *Id.* at 3. It points out that this case hinges on "whether the design of the Subject Vehicle was reasonably safe," *id.*, and that Mr. Ratcliffe's expert opines the Maverick X3 is

"inherently unstable and prone to rollovers."[1]  *Id.*  BRP explains that its own expert performed an engineering analysis and concluded "the Subject Vehicle is neither defective nor unreasonably dangerous."  *Id.* (citing *id.*, Attach. 2, *ESI Prelim. Investigative Rep.* at 18 (ECF No. 198-2)).  BRP avers that Mr. Breen "later tested his opinions by performing his ride and handling evaluation, which confirmed his opinions."  *Id.* at 3-4 (citing *Breen Dep. Tr.* at 112:21-25).  Citing cases from federal courts outside the First Circuit, BRP insists "[t]his is what experts are supposed to do and demonstrates the reliability of his opinions."  *Id.* at 4 (collecting cases).  BRP reiterates its position that the evidence is relevant and will help the jury understand Mr. Breen's expert opinions.  *Id.*

BRP adds that the evidence is not misleading nor unfairly prejudicial, arguing the Plaintiff's distinctions between the testing conditions and circumstances of Mr. Ratcliffe's accident are inapposite because demonstrative testing does not need to be identical to the accident.  *Id.*  It emphasizes "[t]here is a difference between the ride and handling evaluation video and a video used to recreate an accident," and insists the disputed video is demonstrative and confirmatory of Mr. Breen's opinions.  *Id.* at 4-5.  On this point, it directs the Court to a passage from Mr. Breen's deposition:

---

[1]     In support, BRP quotes a passage from Dr. Batzer's report:

The 2019 Can-Am Maverick X3 is a high speed, narrow track width vehicle used off road. It is intended to be a pure sport recreational vehicle. Its geometry, engine size, and the terrain on which it is used ensure that this vehicle will roll over with a probability far in excess of that of a passenger vehicle designed for the public roads. In fact, the subject vehicle was rolled on the first day of use, as are many other vehicles of this type.

*BRP's Opp'n.* at 3 (quoting *Batzer Rep.* at 11).

> Q.      Do you rely upon that test that your son drove the vehicle around that fixed point as a basis for your opinions?
>
> A.      No. I think it demonstrates what I concluded based on the calculations.
>
> Q.      So it's more of a demonstrative-type thing, not the basis of your opinion or your opinions?
>
> A.      I would say that's a better characterization of it, sure.

*Id.* at 5 (quoting *Breen Dep. Tr.* at 112:21-113:4).  Because this video is demonstrating Mr. Breen's testimony, not purporting to recreate the accident, BRP argues any circumstantial differences, including soil composition, should go to the evidence's weight rather than its admissibility.  *Id.* (citing *Szeliga v. Gen. Motors Corp.*, 728 F.2d 566, 567 (1st Cir. 1984) ("Dissimilarities between experimental and actual conditions affect the weight of the evidence, not its admissibility")).

Responding to Mr. Ratcliffe's argument about the danger of misleading the jury, BRP cites caselaw from federal district courts in New York and New Jersey to support its position that "the appropriate relief is not exclusion—it is a limiting instruction that the ride and handling evaluation video is demonstrative and not intended to be a recreation of the accident."  *Id.* at 5-6 (collecting cases).  Thus, BRP urges the Court to reject Plaintiff's request to preclude introduction of the driving test evidence pursuant to Rule 403.  *Id.* at 6.

At bottom, BRP avers the driving test evidence and video are relevant and admissible, and asks the Court to deny Mr. Ratcliffe's motion to preclude presentation of the same at trial.

### C.    Tidd's Opposition to Plaintiff's Motions

Tidd's summarily joins BRP's opposition to the Plaintiff's motion to preclude evidence, argument, and video of driving test conducted in Florida by BRP. *Tidd's Opp'n* at 1.

## III.   DISCUSSION

The Court concludes the evidence is relevant to the question of the Maverick X3's stability and tendency to rollover and that, as a demonstrative representation of Mr. Breen's opinion rather than a purported recreation of the accident, the risk of unfair prejudice does not substantially outweigh the evidence's probative value. Thus, the Court will decline to exclude such evidence.

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  FED. R. EVID. 402.

Mr. Ratcliffe insists that differences between the circumstances of his accident and the driving tests conducted by Mr. Breen make the latter irrelevant to the issues of the case at bar.  *Pl.'s Mot.* at 1-3.  BRP disagrees, arguing the driving tests and videos demonstrate and confirm the basis for its expert's opinion that the Maverick X3 does not pose an unreasonable risk and rebuts the Plaintiff's claim that the vehicle was inherently unstable.  *BRP's Opp'n* at 3-4.  The First Circuit's guidance in *Szeliga*

*v. General Motors Corp.* informs the Court's resolution of this dispute; in that case, the First Circuit wrote:

> The relevancy of the films to defendant's theory of causation cannot be disputed. They were not offered as a re-creation or representation of how the accident actually happened. The films depicted an experiment illustrating [the defendant's expert's] theory of the cause of the accident. They were an aid to the jury's understanding of his testimony. Dissimilarities between experimental and actual conditions affect the weight of the evidence, not its admissibility.

*Szeliga*, 728 F.2d at 567 (citing *Robbins v. Whelan*, 653 F.2d 47, 49 (1st Cir. 1981)). This Court will not depart with the First Circuit by finding the videos of Mr. Breen's testing, introduced in support of an expert's theory of causation rather than as a re-creation of the accident, irrelevant based on circumstantial differences.

Finding the evidence relevant, the Court turns to consider whether its relevance is substantially outweighed by its prejudicial effect pursuant to Federal Rule of Evidence 403, which directs courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Plaintiff cautions the Court that the driving test evidence would be unfairly prejudicial and misleading but does not expand on his reasons for this position. *See Pl.'s Mot.* at 1-6. BRP responds that the evidence, as demonstrative of its expert's opinions, would not be unfairly prejudicial nor mislead the jury as to the distinction between the circumstances of the accident compared to those of the driving test. *BRP's Opp'n* at 4-6. To further limit any potential prejudice, BRP also offers the

10

possibility of the Court instructing the jury as to the acceptable purposes of such evidence. *Id.* at 5-6.

The Court agrees with the Defendant. The different conditions between Mr. Ratcliffe's accident and the simulated driving tests are readily apparent and the Plaintiff will have ample opportunity to highlight these distinctions at trial. Thus, the Court finds it unlikely that the jury will be misled to believe the conditions purport to recreate Mr. Ratcliffe's accident and will decline to preclude evidence or argument relating to Mr. Breen's driving tests.

Further, the Court notes that, under the law of the First Circuit, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").

## IV.   CONCLUSION

The Court DISMISSES without prejudice Plaintiff Stephen J. Ratcliffe's Motion *In Limine* to Preclude Evidence, Argument, and Video Recordings of Driving Tests Conducted in Florida by Defendant BRP's Expert Kevin Breen (ECF No. 185).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2024