# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN J. RATCLIFFE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:20-cv-234-JAW |
| BRP U.S., INC., and TIDD'S SPORT ) | |
| SHOP, INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT BRP'S RESPONSE TO PLAINTIFF'S PROPOSED JURY INSTRUCTION ON COMPARATIVE FAULT IN CONNECTION WITH HIS STRICT LIABILITY CLAIM

Defendant BRP US Inc. ("BRP") submits the following Response to Plaintiff's Proposed Jury Instruction on Comparative Fault in Connection with His Strict Liability Claim. (ECF No. 281.) Plaintiff's Proposed Jury Instruction improperly seeks to heighten BRP's burden of proof, by suggesting that the only way fault can be assigned to Plaintiff in connection with his strict liability claim is if BRP proves that Plaintiff "voluntarily and unreasonably proceeded to encounter a known danger, and that his voluntary and unreasonable action as a proximate cause of his injuries . . ." This, however, is a misstatement of Maine law and therefore it would constitute error to give the proposed instruction.

Plaintiff's proposed jury instruction appears nowhere in Alexnader's Maine Jury Instruction Manual. That is because it finds no basis in the text of the underlying statute. The case law does not compel or permit the instruction proposed by Plaintiff because it creates a heightened burden never contemplated by statute, which only requires ordinary negligence.

As this Court stated in *Hinton v. Outboard Maine Corp.*, "comparative fault does not apply to strict liability claims where the plaintiff's ***only*** alleged negligence is failure to discover the defect in the product or to guard against the possibility of its existence." No. 1:09-cv-554-JAW,

2012 WL 260033, at *3 (D. Me. Jan. 27, 2012) (emphasis supplied) (citation omitted). Here, the limitation regarding failure to discover and failure to guard against is not applicable because that is not BRP's only evidence of Plaintiff's comparative negligence. Therefore, there is no reason to so instruct the jury.

Of course, evidence consistent with the since-abolished assumption of the risk doctrine amounts to comparative fault, but that is not the only evidence that justifies the standard comparative fault instruction—even in a strict liability case. It is merely an example courts use to explain that evidence of a plaintiff's failure to discover and failure to guard against is insufficient, standing alone, to justify the instruction appearing in Alexander, Maine Jury Instruction Manual Section 7-85 (2024 ed.). Stated differently, while evidence amounting to a plaintiff's assumption of the risk is sufficient to find comparative fault, it is not necessary to justify the issuance of the comparative negligence instruction.

There is other evidence—such as a plaintiff's repeated disregard of warnings and instructions and operating the product in a way contrary to warnings and instructions—that amounts to more than "merely" or "only" evidence of a plaintiff's failure to discover or failure to guard against that would justify a comparative negligence instruction. *Austin v. Raybestos-Manhattan, Inc.*, 471 A.2d 280, 286 (Me. 1984) (contributory negligence consisting **merely** in a failure to discover the defect in the product or to guard against the possibility of its existence is not "fault" of the plaintiff under section 156; but that on the other hand contributory negligence of a form commonly passing under the name of assumption of the risk, consisting in voluntarily and unreasonably proceeding to encounter a known danger, does constitute such 'fault.'") (emphasis supplied); *Maietta v. Intl. Harvester Co.*, 496 A.2d 286, n. 4 (Me. 1985) ("in a strict liability action **mere** failure to discover the defect in a product does not constitute a defense. On the other hand,

2

we found that voluntarily and unreasonably proceeding to encounter a known danger does constitute a defense.") (emphasis supplied).

BRP submits that in this case, evidence of Plaintiff's comparative fault is not limited to his failure to discover some alleged defect or to guard against its existence—far from it. Accordingly, the restrictive and heightened burden appearing in Plaintiff's proposed instruction is inapposite to and inappropriate in the instant case. The starting point in the analysis must be the comparative negligence statute. *See* 14 M.R.S. § 156. As mentioned at the outset, that statute makes no reference whatsoever to the language proposed in Plaintiff's proposed jury instruction. Not only that, the Main eJury Instruction Manual makes no mention of the language Plaintiff proposes.

The standard jury instruction appearing in Alexander, Maine Jury Instruction Manual § 7-85 (2024 ed.) is sufficient and clearly sets forth the law and the burdens that apply under the facts of this case and the evidence that has been and will be submitted to the jury. BRP is not opposed, however, to an additional instruction, set forth below:

> If you find that BRP has only submitted evidence that Plaintiff failed to discover the defect in the product or to guard against the possibility of its existence, you should not find any comparative fault on the part of the Plaintiff.
>
> *Source: Hinton v. Outboard Marine Corp.*, No. 1:09-cv-554-JAW, 2012 WL 260033, at *3 (D. Me. Jan. 27, 2012).

Dated: November 18, 2024            Respectfully submitted,

                                                  BRP US Inc.,

                                                  By and through its attorneys,
*/s/ Clem C. Trischler*
Clem C. Trischler
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-1816
cct@pietragallo.com

                                        Rosie M. Williams
                                        THOMPSON BOWIE & HATCH LLC
                                        415 Congress Street, Fifth Floor
                                        P.O. BOX 4630
                                        Portland, ME 04112
                                        (207) 774-2500
                                        rwilliams@thompsonbowie.com

                                        *Counsel for BRP US Inc.*

## **CERTIFICATE OF SERVICE**

      I, Clem C. Trischler, hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing(s) to all counsel of record.

Date: November 18, 2024

                                    */s/ Clem C. Trischler*
                                    Clem C. Trischler